## BERRENDO STOCK COMPANY v. D. Q. McCARTY.

### No. 2.

**1. Forfeiture of Purchases of Public School Lands.** — Sections 9 and 10 of the Act of April 13, 1883, provide for the forfeiture of purchases of public school lands upon nonpayment of interest by March 1 of each year, by endorsement upon the purchaser's obligation, without a judicial ascertainment of the facts. The Acts of February 16, 1885, and of February 23, 1885, are construed as repealing the provisions of the Act of 1883 authorizing a summary forfeiture. There was therefore no law in force between August 1 and November 15, 1887, under which purchases of land under the Act of 1883 could be declared forfeited for nonpayment of interest.

**2. Collection of Interest upon Public Land Purchases.** — If such annual installments of interest shall not be paid as they mature, the State may bring suit for their collection and enforce the State's vendor's lien.

WRIT OF ERROR to Court of Civil Appeals, Third District, in a case on appeal from District Court of Tom Green County. Tried below before Hon. H. G. ROBERTSON, Special District Judge.

This suit was brought in the District Court of Tom Green County, Texas, on the 5th day of November, 1888, by appellant, against appellee, in the ordinary form of trespass to try title, to recover the four sections of land in controversy. Defendant answered by demurrer and general denial and plea of not guilty. April 17, 1889, a jury being waived, judgment was rendered by the court against appellant, in favor of appellee, that appellant takes nothing by his suit, etc., and for costs; from which judgment the plaintiff appealed; and the case being transferred to the Court of Civil Appeals for Third District, the judgment below was affirmed. Writ of error was granted by Supreme Court.

The opinion gives a full statement.

*Joseph Spence, Jr.*, and *H. C. Fisher*, for appellant.—1. The court erred in its third conclusion of law, for the reason that plaintiff complied with all the terms and conditions of its purchase of said lands, except the payment of the annual installments of interest for the years 1886 and 1887. Martin v. McCarty, 74 Texas, 128; The State v. Opperman, 74 Texas, 136.

2. The appellant and its vendors are the class of purchasers entitled to the protection of the healing Act of March 12, 1889.   Blum v. Looney, 69 Texas, 2.

3. The court erred in its conclusion of law when it held that plaintiff should pay the annual installments of interest for the years 1886 and 1887, prior to August of said years, for the reason that under the law no forfeiture occurred upon failure to so pay said interest before August of each of said years, and facts show that interest was properly tendered in January, 1888.   Act Feb. 19, 1885, p. 18; Railway v. Rambolt, 67 Texas, 656; Barker v. Torrey, 69 Texas, 8.

*D. D. Wallace*, for appellee.

HENRY, ASSOCIATE JUSTICE.—This case comes before us upon a writ of error to the Third Supreme Judicial District, upon the following conclusions of fact:

" 1. That the four sections of land involved in this suit are State school lands, surveyed and set apart to the State of Texas.

" 2. That the same were purchased in good faith by the four original applicants, in conformity with the rules and regulations prescribed by the State Land Board for the purchase of such lands under the Act approved April 12, 1883.

" 3. That the resolution of the Land Board as to the manner of making such sales was at variance with the mode enjoined by the statute.

" 4. That said original purchasers conformed to the prerequisites enjoined by the Land Board in all particulars; but as to the place and manner of making said sales, the directions of the Land Board and not the law were observed.

" 5. That the first two installments of annual interest (1884 and 1885) were paid by the purchasers.

" 6. That the annual installments of interest due on the 1st days of January, 1886 and 1887, were neither paid nor tendered when due.   No tender of either was made until the 28th day of January, 1888, when one was made, in due form, to the State Treasurer for the annual interest due for the years 1886 and 1887.   A tender of the interest due for the year 1888 was made on the 30th day of July of that year.   These tenders were all refused.

" 7. Subsequent to the 1st day of August, 1887, and prior to the 15th day of November, 1887, all of these purchases were, by the proper officers having custody of the purchase money obligations, declared forfeited in the manner prescribed by the Act of 1883.

" 8. That heretofore, about the 15th day of November, 1887, the defendant in this suit made his application to lease these four sections under the Act of April 1, 1887, and said lease was duly and properly made in accordance with law, and defendant has paid his annual installment of lease money under his contract.

" 9. These lands were classified and appraised by the county surveyor of Tom Green County, under the act of the Legislature providing for such appraisement (1881), and the classification and appraisement were duly approved by the County Commissioners Court of Tom Green County. There was no plea of any other or further classification and appraisement required by the Land Board, except as may have been contained in the regulation for the sale, which was, as to these lands, fully complied with.''

The only question presented for our decision is, whether or not there was in force in this State, between the 1st day of August, 1887, and the 15th day of November in the same year, any law under which the first purchases could be declared forfeited.

The ninth section of the Act approved April 13, 1883, provided, in substance, that the purchaser should pay in cash one-thirtieth of the amount of his bid, and execute his obligation binding himself to pay one-thirtieth of the whole price on the first day of each succeeding year until the entire sum should be paid, and to pay interest at the rate 5 per cent per annum on the whole unpaid purchase money from date, payable annually, on or before the 1st day of March of each year. Said act further provided, that a failure to pay the annual installments of principal should not work a forfeiture before the entire debt became due.

Section 10 of the same act provided for a forfeiture of the purchase, by indorsements on the purchaser's obligation and account, without a judicial ascertainment of the facts, " if upon the 1st day of March of any year the interest remains unpaid.''

The aforesaid sections (9 and 10 of 1883) were amended by the Act of February 16, 1885, so as to make the following changes with regard to a forfeiture of the purchase on account of the nonpayment of interest, without making any change in the provision that no forfeiture for the nonpayment of principal could be enforced until the whole debt should mature. The change with regard to the interest reads:

" Provided, also, that if the payments of the annual installments of interest be made by the 1st day of August succeeding the 1st day of March when the same became due, then no forfeiture shall result or be taken for such delay in such payments.''

Section 10 as amended (1885), reads substantially as did the same section in the original act (1883), except that it provides for the forfeiture if the interest remains unpaid on the 1st day of August, instead of the 1st day of March.

The same session of the Legislature passed an act entitled "An act to prevent the forfeiture of the rights of purchasers of public free school, university, or asylum land," which was approved on the 23d day of February, 1885, and took effect from passage, and which reads as follows:

"The failure of a holder of public free school, university, or asylum land, under contract of purchase from the State, to make the annual payments of principal or interest thereon prior to the 1st day of August after the same becomes due, shall not cause a forfeiture of the rights of such holder in such land."

The three acts referred to contain all of the legislation that is applicable to the subject now in controversy.

It will be seen that at the date of the passage of the last act there was no law in force providing for the forfeiture of a purchase, except the provision in the amendatory Act of the 16th of February, 1885, which declared the failure to pay interest by the 1st day of August the sole ground for declaring such forfeiture.

The next act plainly declares that such failure to pay interest shall not cause a forfeiture.

It seems to us, that the legislative intention to repeal the only law authorizing the declaration of a forfeiture for the nonpayment of interest is manifest from the language used in the act. If we look to its caption, it still more conclusively appears that the purpose was to "prevent" the forfeiture of the rights of purchasers, not to change or limit the facts from which such authority could result.

If the right to declare a forfeiture continued to exist, it was to be done without a judicial ascertainment of the facts, and we think it should be very apparent that the Legislature so intended before its acts should be so construed.

If the annual installments of interest shall not be paid as they mature, the State may, and its proper officers should, bring suit for their collection and enforce the State's vendor's lien. Under such a proceeding the interest can be collected as it matures, and the purchaser's rights may be divested as effectually, if not as summarily, as they could have been by a nonjudicial forfeiture.

We think it clear that the Legislature repealed the law providing for a forfeiture for the nonpayment of interest, intending that the State should pursue in its own courts the usual and entirely adequate remedies for its collection.

The judgments of the Court of Civil Appeals and of the District Court

will be reversed and a judgment here rendered for the appellant for the recovery of the property in controversy and the costs of all of the courts.

*Reversed and rendered.*

Delivered February 23, 1893.