188 U.S. 595 (1903)
WAGGONER
v.
FLACK.
No. 28.
Supreme Court of United States.
Argued December 8, 1902.
Decided February 23, 1903.
ERROR TO THE COURT OF CIVIL APPEALS FOR THE SECOND SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.
*599 Mr. W.W. Flood for plaintiff in error.
No appearance for defendant in error but Mr. C.K. Bell, attorney general of the State of Texas, and Mr. T.S. Reese filed a brief as to the rights of the State.
MR. JUSTICE, PECKHAM, after making the foregoing statement of facts, delivered the opinion of the court.
Referring to the facts in this case, it is seen that the question arising is as to the right of the State to proceed under the act of 1897 to forfeit the lands held by the plaintiff in error for non-payment of interest.
At the time when the land was purchased by Phillips in November, 1885, the act of 1883 as amended by the act of February 16, 1885, was in force, excepting, it is said, that the act of February 23, 1885, repealed the provisions in regard to *600 forfeiture which existed in the prior acts of 1879, 1883 and 1885, so that when Phillips purchased, the State had no right to forfeit the lands, as had theretofore been provided by law.
The Attorney General of Texas in his brief filed herein now argues that the act of February 23, 1885, did not unqualifiedly repeal the law in regard to forfeiture as theretofore existing, but simply regulated it so as to place on the same terms those who had purchased lands under the act of 1879 and those purchasing under the act of 1883 as amended by the act of February 16, 1885, so that no forfeiture could be claimed under any act until after August 1 in any year. As the act of 1879 made the interest payable on the first of March in each year, and the subsequent acts extended the time for the payment of the moneys for lands sold under their authority to the first of August, it is contended that the purpose and effect of the act of 1885 were to place the purchasers of lands under all acts upon the same footing as to the time for the payment of interest. This was in substance held by the Court of Civil Appeals of Texas in 1892 in Berrendo Stock Company v. McCarty, 20 S.W. Rep. 933. The case was, however, reversed in the Supreme Court in 1893, 85 Texas, 412, and that court in 1891, in Culbertson v. Blanchard, 79 Texas, 486, 493, had also held the same principle it announced in the Berrendo case.
It is true that Anderson v. Bank, 86 Texas, 618, and Fristoe v. Blum, 92 Texas, 76, 85, throw some doubt upon the correctness of the former decisions of the Supreme Court in this respect, but we do not feel here called upon to construe the state. statute otherwise than it has been construed up to this time by the court of last resort of the State.
Although this case involves the question of an impairment of an alleged contract by subsequent legislation, and we are not therefore bound by the construction which the state court places upon the statutes of the State which are involved in such an inquiry, yet, as the true construction of the particular statute is not free from doubt, considering the former legislation of the State upon the same subject, we feel that we shall best perform our duty in such case by following the decision of the state court upon the precise question, although doubts as to its correctness *601 may have been uttered by the same court in some subsequent case. Wilson v. Standefer, 184 U.S. 399, 412.
We come, then, to the question of what was the contract, and whether it has been impaired by virtue of the enactment of the statute of 1897, under which the forfeiture has been enforced? Although not material it may yet be observed that the act of 1897 is not the first act which was passed subsequently to the act of 1885, reinstating the provisions for a forfeiture. By section 11 of the act of 1887, Laws, 1887, pp. 83, 86, provision was again made for forfeiting the lands on nonpayment of moneys due, and the same was continued by section 11 of the Laws of Texas of 1895, pp. 63, 67.
We assume that, at the time these lands were purchased by Phillips, no statute existed providing for forfeiture by entry on the books of the state commissioner of the general land office, and it is admitted that only by virtue of the act of 1897 can the State now claim the right to forfeit the lands by an entry to that effect on the account kept with the purchaser, because of the failure to pay the interest since 1893. The plaintiff in error asserts that the statute of 1897, reinstating or providing for the right of the State to thus forfeit the lands for non-payment of moneys due by the purchaser of land, is an impairment of the contract created between the State and Phillips at the time his application for the land was granted by the state authorities; and the plaintiff in error asserts he has succeeded to all the rights of Phillips, and this is not denied.
We must first decide what were the obligations of the contract which was created by the granting of Phillips' application for the purchase of this land and the taking of his notes therefor. The Laws of Texas of 1883, chapter 58, as amended by chapter 12, page 13, Laws of 1885, furnish the evidence of the obligations of the contract. By those acts it was made the duty of the commissioner of the general land office, after an application for a grant of land had been made and approved, to issue a patent to the purchaser or his assigns, etc., upon payment of all the purchase money and interest upon notes given for the purchase of the land, and provision was made for the giving of the notes or other evidences of the obligation of the purchaser *602 to pay for the land. His obligation was to pay these notes as they matured. The obligation of the State was to give the patent as mentioned. What particular remedy then existed by which the State might enforce the obligations of the contract made by the purchaser is not material in this aspect of the case. It is true that the remedy for the enforcement of a contract sometimes enters into the contract itself, but that is where an endeavor has been made to so change the existing remedy that there is no effective and enforceable one left, or the remedy is so far impaired that the party desirous of enforcing the contract is left practically without any efficient means of doing so; but in the case of an alteration of a remedy, if one is left or provided which is fairly sufficient, the obligations of a contract are not impaired, although the remedies existing at the time it was entered into are taken away.
It appears in the record that the plaintiff in error, or those he represents, failed for years to comply with the obligations of the contract, and failed to pay the interest as it became due, as they promised, and hence the contract was violated.
The question, then, is, what is the remedy against the party who has broken the contract? The statute of 1897 is turned to for the authority to take possession of the land, the right to keep which the plaintiff in error had ceased to retain because of his failure to do that upon which such right was founded.
The plaintiff in error, however, says to the State, you cannot avail yourself of the remedy provided by the act of 1897, because it did not exist when I purchased the land, and you then contracted not to create any such remedy against me, and the evidence of the contract is to be found in the statute of February 23, 1885, which was in force when I purchased. But the answer is that, although at the time Phillips purchased the land a statute had taken away the remedy by way of forfeiture, as therein stated, yet the act taking away the remedy did not constitute a contract on the part of the State with all who purchased lands from it at that time, that it would never pass any other act by which the State might be empowered through its agents to forfeit the lands and take possession thereof by virtue of such forfeiture. The act of February 23, 1885, was a mere *603 enactment, declaring the law to be as therein stated, upon the subject of a remedy for a violation by a purchaser of the obligations of his contract, and it did not assume to bind the hands of any future legislature that might think proper to deal with the subject. There was no promise or contract expressed in the statute that the State would not enlarge the remedy or grant another on account of the purchaser's violation of his contract, and we think no such contract is to be implied.
A purchaser of lands at the time Phillips purchased had no right to assume that the State would not alter the law in the future so far as to give it another and better or a quicker remedy for a violation of his contract by the purchaser, than existed at the time the purchase was made. To enact laws providing remedies for a violation of contracts, to alter or enlarge those remedies from time to time as to the legislature may seem appropriate, is an exercise of sovereignty, and it cannot be supposed that the State in a case like this, contracts in a public act of its legislature, to limit its power in the future, even if it could do so, with or without consideration, unless the language of the act is so absolutely plain and unambiguous as to leave no room for doubt that its true meaning amounts to a contract by it to part with its power to increase the effectiveness of existing remedies as against those who purchase lands while the act remains alive. No such language is to be found in the act in question, and none ought to be implied.
We cannot discern the difference in principle between this case and that of Wilson v. Standefer, 184 U.S. 399, which involved a portion of this same legislation. In that case the lands were purchased under the act of 1879, which provided (sec. 12) for a forfeiture after judicial inquiry determining the failure of the purchaser to pay the annual installments of interest as they became due. Subsequently the act of 1897, already mentioned, was passed and that act, it is seen, authorized the commissioner, when any portion of the interest due by the purchaser had not been paid, to declare a forfeiture of the purchase without judicial aid, and it gave to his action the effect of putting an end to the contract. It was under the act of 1897 that the forfeiture was declared in that case. There, as here, it was contended *604 that the act of 1897 violated the contract between the parties. It was urged that as the act of 1879 provided a remedy by a resort to judicial proceedings for the purpose of enforcing a forfeiture, that such remedy was a part of the contract, and that the act of 1897, which provided for a forfeiture of the lands without judicial action, was a violation of the contract, and therefore void. This court held that the stipulation in the twelfth section of the act of 1879, providing for a judicial forfeiture, did not amount in legal contemplation to a promise by the State that the only remedy which might thereafter be resorted to by it was the one therein provided for. The court recognized the plain distinction between the obligation of a contract and a remedy given by the legislature to enforce that obligation, and it held that the remedy might be modified and enlarged without impairing such obligation.
It is to be noted that the act of 1897 does not take away from the purchaser the right to be heard in a court of justice upon the question whether he, in fact, is in default in his payments of the obligations given by him for the land which he purchased. The act of 1897 grants the purchaser six months after the land commissioner has endorsed on the purchaser's obligation for payment for the land, the words "lands forfeited," within which the purchaser may institute suit in the District Court of Travis County, Texas, against the commissioner for the purpose of contesting the forfeiture and setting aside the same, upon the ground that the facts do not exist authorizing such forfeiture.
Neither Phillips nor any of the successors to his title availed themselves of the opportunity to be judicially heard afforded by the law of 1897, and, as stated by the court in Wilson v. Standefer, supra, p. 415, the reason clearly appears in the admitted facts that the payments were in arrear for a considerable period of time, and that the tender made, if it ever had any legal effect at any time, was manifestly too late after the State had declared a forfeiture and sold the land to another.
We cannot see any difference in principle between a case where an act was in existence when a contract was made, providing a certain remedy for a violation of the contract, and *605 then after the contract is entered into, the legislature passes another act, giving an altogether different remedy, as in Wilson v. Standefer, supra, and a case where an act which denied the remedy of forfeiture when the contract was made, was repealed by a subsequent enactment which provided a forfeiture as a remedy. In both cases there is a plain alteration of remedy, while in neither is there any contract springing from the passage of the first act that no other remedy more effective should be given as against one who purchased land during the existence of the statute. The right to rescind the contract on the part of the State, upon the failure of the purchaser to pay as he had agreed, resided in the State at common law, as the Supreme Court of Texas has held. Fristoe v. Blum, 92 Texas, 76, 84. The act of 1897 simply provided a particular means by which such right might be enforced.
We are of opinion that the act of 1897 does not impair the obligation of any contract within the meaning of the Federal Constitution, as asserted by the plaintiff in error, and the judgment of the Court of Civil Appeals of Texas is therefore
Affirmed.
MR. JUSTICE BREWER concurred in the result.