MICHAEL E. SWEENEY and Another, Respondents, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 17,449.)

Fourth Department, March 27, 1929.

*Albert Ottinger, Attorney-General [Albert J. Danaher, Assistant Attorney-General, of counsel], for the appellant.*

*Smith O'Brien,* for the respondents.

PER CURIAM. This was a claim for unliquidated damages resultant from breach of contract. The contract and circumstances involved are such that under the common law the pecuniary loss to claimant as of a fixed time could not have been ascertained by the State with reasonable certainty by computation alone or in connection with generally recognized standards. (*Faber* v. *City of New York,* 222 N. Y. 255; *Gray* v. *Central R. R. Co. of New Jersey,* 157 id. 483.) The last sentence of section 480 of the Civil Practice Act (as amd. by Laws of 1927, chap. 623) makes compulsory the allowance of interest in pending actions upon claims for unliquidated damages for breach of contract. This enactment did not become effective until April 4, 1927. As applied to this case this portion of the section is *retroactive* and deprives the State of New York of property without due process of law. (U. S. Const. 14th Amendt. § 1; N. Y. Const. art. 1, § 6.) The matter of interest allowed involved a substantial right and not merely a question of procedure. Statutes are presumptively applicable *in futuro* only. (*Jacobus* v. *Colgate,* 217 N. Y. 235; *Union Pacific R. R. Co.* v. *Laramie Stockyards Co.,* 231 U. S. 190.) They are retroactive as to procedural matters, but not when vested or substantial rights are being determined. (*Sackheim* v. *Pigueron,* 215 N. Y. 62.)

The judgment should be modified by excising the allowance of interest from October 15, 1921, and as modified affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment modified and as modified affirmed, without costs of this appeal to either party.