In the Matter of the Estate of Isaac D. West, Deceased.*

Surrogate's Court, Oneida County, March 31, 1931.

* See, also, 139 Misc. 516.

*R. S. Johnson*, for the claimant.

*Hayden, Setright & Southwick* [by *Thurlow W. Southwick*], for the administratrix.

EVANS, S. The claim was unliquidated and based on attorney services rendered prior to the year 1927. The amendment made by chapter 623 of the Laws of 1927 to section 480 of the Civil Practice Act, makes compulsory the allowance of interest in actions pending at that time upon claims for unliquidated damages for breach of contract. This provision in so far as it affected pending litigation (April 4, 1927) was held to be unconstitutional. (*Sweeney* v. *State of New York*, 225 App. Div. 606.)

This decision was modified by the Court of Appeals by allowing interest for the reason that in that particular case the State was the party seeking relief and could not successfully assert the unconstitutionality of a law enacted by the State itself through its Legislature. (*Sweeney* v. *State of New York*, 251 N. Y. 417.)

The court pointed out that the retroactive feature of the statute in its application to the rights of a person was not considered. As the law now stands under the ruling in the *Sweeney* case in the Appellate Division of this department I think that this court is bound to hold that under the facts of the case at bar no interest can be allowed, and the motion is, therefore, denied, without costs.

Decreed accordingly.