FUNKHOUSER ET AL. v. J. B. PRESTON CO., INC.

No. 72. Submitted November 9, 1933.—Decided December 4, 1933.

164

*Mr. George Link, Jr.,* was on the brief for appellants.

*Mr. Jeremiah A. O'Leary* was on the brief for appellee.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Section 480 of the Civil Practice Act of New York, as amended by Chapter 623 of the Laws of 1927, provides for the allowance of interest on the principal sum awarded by verdict, report or decision for breach of contract, whether the principal sum so awarded was " theretofore liquidated or unliquidated."[1]

This action was brought for breach of a contract, made in 1923, for the sale by appellee to appellants of red slate granules to be delivered in agreed quantities in that year and in the three years following. The trial, in 1930, resulted in a verdict for appellee, to the amount of which interest was added pursuant to the statute. On appeal, the Appellate Division struck out the allowance of interest as not permissible with respect to a claim arising before the statute was enacted. 235 App. Div. 200; 256 N.Y.S. 681. The Court of Appeals entertained the question presented under the contract clause of the Federal Constitution (Art. I, § 10) and decided that the allowance of interest did not impair the obligation of the contract. 261 N.Y. 140; 184 N.E. 737. The Court directed that the item of interest be restored, and from the judgment entered accordingly this appeal is taken.

---

[1] The provision is:—" In every action now pending or hereafter brought wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, other than a contract to marry, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded."

The claim in suit was admittedly for unliquidated damages. There was no provision in the contract with respect to the recovery of interest in case of breach—that is, either for or against such recovery. Thus, the terms of the contract did not in themselves, and apart from the applicable law, create an obligation not to demand interest. The opinion of the Court of Appeals shows that at the time of the making of the contract the law of New York was not clear and certain as to the allowance of interest, citing *White* v. *Miller,* 78 N.Y. 393, 397; *Faber* v. *New York,* 222 N.Y. 255, 262; 118 N.E. 609; *Blackwell* v. *Finlay,* 233 N.Y. 361; 135 N.E. 600; *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.,* 245 N.Y. 1, 7; 156 N.E. 76. The Court quoted the statement made in the year 1918 in *Faber* v. *New York, supra,* as follows:

" The question of the allowance of interest on unliquidated damages has been a difficult one. The rule on this subject has been in evolution. Today, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day. The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards? "

" This," said the court in the instant case, " was the somewhat vague and indefinite law of the State of New York " at the time the parties entered into their contract. The court added that " It has never been held to be a part of the obligation of the contract that no interest should be allowed on unliquidated demands. . . . The amendment to section 480 of the Civil Practice Act changes a rule of the common law but it conflicts with no constitutional guarantee. It prevents an escape through pro-

cedural difficulties from the real obligation to make full compensation for breach of contract. . . . The rule of law was that if the defendant could not determine on any fixed day what was due, no interest could be recoverable because defendant knew not what, if anything, he should pay. That was a rule of convenience, not an agreement to forego interest. The implied obligation of the contract was to pay interest in accordance with the rules of law existing when the case was tried."

While it is the duty of this Court, where the contract clause is invoked, to determine for itself what the contract is and whether it has been impaired,[2] we find nothing requiring us to reach a conclusion different from that of the Court of Appeals. The statute in question concerns the remedy and does not disturb the obligations of the contract. *Sturges* v. *Crowninshield,* 4 Wheat. 122, 200; *League* v. *Texas,* 184 U.S. 156, 158; *Waggoner* v. *Flack,* 188 U.S. 595, 601–603; *Bernheimer* v. *Converse,* 206 U.S. 516, 530; *Henley* v. *Myers,* 215 U.S. 373, 385. Compare *Shriver* v. *Woodbine Bank,* 285 U.S. 467, 474. The contractual obligation of appellants was to take and pay for the described articles; and the law, in force when the contract was made, required that in case of breach appellants should make good the loss sustained by the appellee. The ascertainment of that loss, and of what would constitute full compensation, was a matter of procedure within the range of due process in the enforcement of the contract. " To enact laws providing remedies for a violation of contracts " and " to alter or enlarge those remedies from time to time," was within the competency of the legislature. *Waggoner* v. *Flack, supra.* The mere fact

---

[2] *Jefferson Branch Bank* v. *Skelly,* 1 Black 436, 443; *Mobile & Ohio R. Co.* v. *Tennessee,* 153 U.S. 486, 492, 493; *Louisiana Railway & Navigation Co.* v. *Behrman,* 235 U.S. 164, 170, 171; *Appleby* v. *New York,* 271 U.S. 364, 380; *Coombes* v. *Getz,* 285 U.S. 434, 441; *Shriver* v. *Woodbine Bank,* 285 U.S. 467, 475.

that such legislation is retroactive does not bring it into conflict with the guarantees of the Federal Constitution (*League* v. *Texas, supra,* p. 161), and when the action of the legislature is directed to the enforcement of the obligations assumed by the parties and to the giving of suitable relief for non-performance, it cannot be said that the obligations of the contract have been impaired. The parties make their contract with reference to the existence of the power of the State to provide remedies for enforcement and to secure adequate redress in case of breach. *Henley* v. *Myers, supra.*

Without attempting to review the numerous, and not harmonious, decisions upon the allowance of interest in the case of unliquidated claims,[3] it is sufficient to say that the subject is an appropriate one for legislative action in order to provide a definite rule. The statutory allowance is for the purpose of securing a more adequate compensation by adding an amount commonly viewed as a reasonable measure of the loss sustained through delay in payment. It has been recognized that a distinction, in this respect, simply as between cases of liquidated and unliquidated damages, is not a sound one.[4] Whether the case is of the one class or the other the injured party has suffered a loss which may be regarded as not fully compensated if he is confined to the amount found to be recoverable as of the time of breach and nothing is added for the delay in obtaining the award of damages. Because of this fact the rule with respect to unliquidated claims has been in evolution (*Faber* v. *New York, supra*), and in the absence of legislation the courts have dealt with the question of allowing interest according to

---

[3] See Sedgwick on Damages, 9th ed., vol. I, §§ 312–315; Williston on Contracts, vol. III, § 1413. Compare Restatement of the Law of Contracts, American Law Institute (1932), vol. I, § 337.

[4] See *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, 398; 65 Atl. 134; Sedgwick on Damages, *supra,* § 315.

their conception of the demands of justice and practicality. *Miller* v. *Robertson*, 266 U.S. 243, 258. "The disinclination to allow interest on claim of uncertain amount seems based on practice rather than theoretical grounds." Williston on Contracts, vol. III, § 1413. Whether there shall be a definite rule is a matter within the legislative discretion, as is that of providing for interest upon judgments. *Morley* v. *Lake Shore & M. S. Ry. Co.*, 146 U.S. 162, 168; *Missouri & Arkansas Co.* v. *Sebastian County*, 249 U.S. 170, 173.

The decisive point in the instant case is that the provision for the enlarged remedy was consistent with the substantial rights of the parties under their contract and cannot be regarded as an unreasonable exercise of legislative power.

*Judgment affirmed.*