[No. 28454. Department One. December 1, 1941.]

A. A. TREMPER, *Respondent*, v. THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, *Appellant*.[1]

*Allen, Froude & Hilen,* for appellant.

*Koenigsberg & Sanford,* for respondent.

*John D. Carmody* and *O. B. Thorgrimson, amici curiae.*

MAIN, J.—This action was brought to recover the balance due upon a life insurance contract which the defendant had canceled. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law from which it was concluded that the plaintiff was entitled to recover. From the judgment entered against the defendant in the sum of $51.63, the defendant appealed.

The facts essential to be stated are these: The appellant, The Northwestern Mutual Life Insurance Company, is a corporation organized under the laws of the

[1]Reported in 119 P. (2d) 707.

state of Wisconsin, and licensed to do business in this state where it is engaged in the general life insurance business as a mutual company. December 9, 1912, the appellant issued and delivered to the respondent, A. A. Tremper, a policy in the sum of two thousand dollars, payable at death. By the terms of the policy, after three full years' premiums had been paid, the appellant agreed to advance the cash value of the policy to the respondent, on the sole security of the policy, at the rate of interest not to exceed six per cent per annum. From time to time, the appellant had advanced sums of money upon the sole security of the policy, and, upon the failure of the respondent to pay the interest on such sums when due, the appellant added such interest to the principal sum advanced, and thereafter charged interest upon the new principal, which resulted in the respondent's being charged compound interest. October 24, 1939, the sums so advanced, together with the interest charged, equalled the full cash surrender value of the policy, and the appellant thereupon terminated and canceled it on or about November 23, 1939.

At the time of the cancellation, the cash surrender value of the policy was $722.84. The amount actually advanced, together with six per cent simple interest, amounted to the sum of $671.21, leaving a balance of $51.63. As already stated, the policy provided for simple interest at not to exceed six per cent per annum, and the appellant, when the interest was not paid when it became due, added the interest to the principal and then charged interest on the new principal. The note or loan contract, which the respondent signed, provided that the interest might be compounded as above indicated.

In the case of *Stauffer v. Northwestern Mut. Life Ins. Co.*, 184 Wash. 431, 51 P. (2d) 390, it was held

that, where, under the original terms of the contract of insurance, there was no agreement or obligation on the part of the insured to pay compound interest, the insurance company had no right to charge such interest, even though the note or loan contract signed by the insured provided for it, unless there was a new consideration.

In the case of *Goodwin v. Northwestern Mut. Life Ins. Co.*, 196 Wash. 391, 83 P. (2d) 231, it was held that, in the absence of a provision in the insurance policy for compound interest, the company had no right to add each year to the principal the accrued interest not paid and to compute interest upon the new total; and further, that the regulations of the company, with reference to the adding of unpaid interest to the principal, and the computing of interest thereon, as a new total, cannot contradict or modify any term of the policy itself.

After those cases were decided and at the legislative session in 1939, the legislature passed an act (Laws of 1939, chapter 118, p. 332, Rem. Rev. Stat. (Sup.), § 7230a [P. C. § 3128-21]) which provided that, in the event of nonpayment of interest upon life insurance policy loans or advances "heretofore or hereafter" made, when the interest becomes due from period to period and is not paid in accordance with the terms of the policy or loan agreement, such interest should be added to the principal, making a new basis upon which to compute the interest.

The question for decision is whether that law is unconstitutional, as applied to insurance contracts which were made prior to its passage and taking effect.

Section 10 of Article 1 of the United States constitution, in part, provides that: "No state shall . . . . pass any . . . law impairing the obligation of contracts, . . . " Section 23 of Article 1 of the consti-

tution of this state provides that: "No . . . law impairing the obligations of contracts shall ever be passed." As appears, these two constitutional provisions are in substantially the same language and to the same effect.

The appellant contends that the act of 1939 is not void as being unconstitutional, under either of the constitutional provisions, because it only affects the remedy. The respondent contends that, as applied to insurance contracts made prior to its passage and taking effect, it would impair substantial rights of the assured.

The obligation of a contract is impaired by a statute which alters its terms by imposing new conditions or which lessens its value. One of the tests in determining whether a statute impairs substantive rights· of the assured is whether the value of the contract, by legislation, has been diminished. *Ogden v. Saunders,* 12 Wheat. [25 U. S.] 213, 6 L. Ed. 606; *Bank of Minden v. Clement,* 256 U. S. 126, 65 L. Ed. 857, 41 S. Ct. 408.

It is plain, from the facts above stated, that the appellant in this case, by compounding the interest when it had no right to do so, interfered with a substantial right of the assured, in that it reduced the value of his policy. That being true, it cannot be held that it only affected the remedy.

We will now refer to three of the many cases cited by the appellant upon which it appears to rely, to a considerable extent, as supporting its position.

In the case of *Waggoner v. Flack,* 188 U. S. 595, 47 L. Ed. 609, 23 S. Ct. 345, a statute of the state of Texas was upheld which gave the state the right to forfeit a contract for the sale of real estate to an individual when the payments had become in default and when, at the time the contract was made, there was no for-

feiture statute in the state. It was there held that the statute did not impair a substantial right, in that it only added a remedy which the state did not have when the contract was made, and this affected the remedy only. The value of the contract was not impaired, and herein is the distinction between that case and the one which we are now considering.

In the case of *Funkhouser v. Preston Co.*, 290 U. S. 163, 78 L. Ed. 243, 54 S. Ct. 134, the defendant contracted with the plaintiff to take and pay for certain articles of property, and thereafter breached the contract. Subsequent to the time this contract was made, the legislature of the state of New York had passed an act which provided for interest upon unliquidated damages. It was there held that, the defendant not having contracted with reference to the interest, no substantial right of it was impaired.

We see no substantial analogy between the facts in the case we are now considering and the facts in the case of *Henry v. McKay*, 164 Wash. 526, 3 P. (2d) 145, 77 A. L. R. 1025, where it is held that a law exacting payment of interest for delinquency in the payment of taxes did not make the interest a part of the tax, but pertained to the remedy employed to compel the payment of the tax when due, and was applicable to taxes due and delinquent prior to the passage of the statute, as well as subsequently.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and DRIVER, JJ., concur.