**ALL AMERICA CABLES & RADIO, Inc. v. THE DIEPPE et al.**

United States District Court
S. D. New York.

Oct. 11, 1950.

Burlingham, Veeder, Clark & Hupper, New York City (Eugene Underwood and Elliott B. Nixon, Jr., New York City, of counsel), for libelant.

McNutt, Scoll, Longcope, Proctor & Lee, New York City, for claimant.

COXE, District Judge.

This is a motion by the respondent, Republic of France, claimant of the steamship Dieppe, to dismiss the *in rem* libel on the ground that this court has no jurisdiction over the subject matter of the action.

The libel was filed on March 6, 1950, against the steamship Dieppe and the Republic of France, her owner. The latter appeared, filed claim as owner, and now makes this motion. The libelant owns certain submarine cables at or near Santa Ana Bay, Willamstad, Curacao, Netherlands West Indies. On the evening of March 12, 1948, the steamship Dieppe, while on a voyage from Cristobal, Canal Zone, to France, arrived off the entrance to Santa Ana Bay. While waiting for a local pilot, the Dieppe stranded. She was later floated, and proceeded towards the open sea, dragging her two anchors behind her. The anchors fouled and damaged libelant's cables.

It is claimed that no maritime lien could attach to the Dieppe, and that, therefore, this admiralty court has no jurisdiction *in rem* over her. This was the law United States v. The John R. Williams, 2 Cir., 144 F.2d 451, but on June 19, 1948, Congress passed an Act, 46 U.S.C.A. § 740 which provides that—

"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

"In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water; * * *."

It is contended, however, that this statute cannot support jurisdiction here because the accident occurred on March 12, 1948, and the statute is not retroactive. The contention cannot be sustained. The Act did not create a new right; it merely created a new remedy. Plaintiff always had the right to

924

recover its damages in an action at common law. The Act merely provides that plaintiff may now recover them in an action on the admiralty side of the court. It is no objection, therefore, that the cause of action existed prior to the passage of the Act, for, as was said in Sampeyreac v. United States, 7 Pet. 222, 239, 8 L.Ed. 665: "Almost every law, providing a new remedy, affects and operates upon causes of action existing at the time the law is passed". Cf. Funkhouser v. J. B. Preston Co., 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243. Furthermore, if, under the Curacao law, there was a maritime lien, as libelant's proctors assert in their brief there is, this court has jurisdiction to enforce that lien.

The motion of the claimant-respondent to dismiss the *in rem* libel is accordingly denied.