**GARLAND COAL AND MINING COMPANY, Plaintiff,**

v.

**D. C. BRANT and Lizzie Brant, Defendants.**

**No. 72-197.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Aug. 2, 1974.

Alpheus Varner, Poteau, Okl., for plaintiff.

Hardy Summers, Muskogee, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This suit was brought pursuant to section 3 of the Act of Congress of February 19, 1912 which provides:

"(Sec. 3.) That sales of the surface under this act shall be upon the conditions that the Choctaw and Chickasaw Nations, their grantees, lessees, assigns, or successors, shall have the right at all times to enter upon said lands for the purposes of prospecting for coal or asphalt thereon, and also the right of underground ingress and egress, without compensation to the surface owner, and upon the further condition that said nations, their grantees, lessees, assigns, or successors, shall have the right to acquire such portions of the surface of any tract, tracts, or rights thereto as may be reasonably necessary for prospecting or for the conduct of mining operations or for the removal of deposits of coal and asphalt upon paying a fair valuation for the portion of the surface so acquired. If the owner of the surface and the then owner or lessee of such mineral deposits shall be unable to agree upon a fair valuation for the surface so acquired, such valuation shall be determined by three

arbitrators, one to be appointed, in writing, a copy to be served on the other party by the owner of the surface, one in like manner by the owner or lessee of the mineral deposits, and the third to be chosen by the two so appointed; and in case the two arbitrators so appointed should be unable to agree upon a third arbitrator within thirty days, then and in that event, upon the application of either interested party, the United States district judge in the district within which said land is located shall appoint the third arbitrator: PROVIDED, That the owner of such mineral deposits or lessee thereof shall have the right of entry upon the surface so to be acquired for mining purposes immediately after the failure of the parties to agree upon a fair valuation and the appointment, as above provided, of an arbitrator by the said owner or lessee."

On October 24, 1972 this Court awarded Plaintiff possession of the surface of Defendants' land pursuant to the terms of the above statute. On November 1, 1972 Plaintiff took possession of the land in question and thereafter commenced strip mining operations on a portion thereof. On or about June 3, 1974 the amount determined by the arbitrators to be the "fair value" of the surface rights was paid to the Defendants by the Plaintiff. This Court has reserved the question of whether Plaintiff must pay interest on the amount of the award during the period between November 1, 1972 and June 3, 1974 and this question must now be determined as Defendants have applied for interest and Plaintiff resists the application.

■ This action was originally brought in state court and was removed to this Court. The jurisdictional statement in the removal order is not specific as to the basis of removal, but it appears that Federal question jurisdiction is a proper basis of Federal jurisdiction as Plaintiff is asserting a claim which arises under a statute of the United States and the amount in controversy is in excess of $10,000.00. Removal in this situation is proper under 28 U.S.C. § 1441(b). No claim of diversity jurisdiction was made in the removal petition. It should be noted that the Defendants are Oklahoma citizens.

■■ Federal law will be controlling in this case. It is well settled that the right to interest on a sum recoverable under a federal statute is determined by federal and not local law. Trans World Airlines, Inc. v. Hughes, 308 F.Supp. 679 (SDNY1969); Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947); Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). Federal law and not local law applies in the interpretation and application of federal statutes. Hill v. Whitlock Oil Services, Inc., 450 F.2d 170 (Tenth Cir. 1971).

Defendants have likened this case to one involving eminent domain and have suggested that since interest is generally paid in condemnation cases it should be paid in this case. Plaintiff analogizes this case to one of co-tenancy and suggests that since a co-tenant would not have to pay for exclusive use of property held in co-tenancy he should not have to pay interest in this case. Neither of these arguments is very persuasive in light of the many cases involving the payment of interest on an obligation created by a Federal statute when the statute is silent as to interest. This Court therefore will look only to these prior federal decisions in determining whether interest should be paid in the situation in this case.

The leading case in this area is Rodgers v. United States, *supra*. This case involved the payment of interest on a fine assessed under the Agricultural Adjustment Act. The pertinent holdings are as follows:

". . . the failure to mention interest in statutes which create obligations has not been interpreted by this Court as manifesting an unequivocal congressional purpose that the obligation shall not bear inter-

est. Billings v. United States, 232 U.S. 261, 284–288, 34 S.Ct. 421, 425–427, 58 L.Ed. 596, 606–608. For in the absence of an unequivocal prohibition of interest on such obligations, this Court has fashioned rules which granted or denied interest on particular statutory obligations by an appraisal of the congressional purpose in imposing them and in the light of general principles deemed relevant by the Court. See, e. g., Royal Indemnity Co. v. United States, (U.S.) supra [313 U.S. 289, 61 S.Ct. 995, 85 L.Ed. 1361]; Board of Com'rs Jackson County in State of Kansas v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313.

"As our prior cases show, a persuasive consideration in determining whether such obligations shall bear interest is the relative equities between the beneficiaries of the obligation and those upon whom it has been imposed. And this Court has generally weighed these relative equities in accordance with the historic judicial principle that one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation, should be fairly compensated for the loss thereby sustained. See, e. g., Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, supra; United States v. North Carolina, 136 U.S. 211, 216, 10 S.Ct. 920, 922, 34 L.Ed. 336, 338; Funkhouser v. J. B. Preston Co., 290 U.S. 163, 168, 54 S.Ct. 134, 136, 78 L.Ed. 243, 246."

More recent cases which have relied on the principles set forth in Rodgers v. United States, supra, are Hodgson v. American Can Company, 440 F.2d 916 (Eighth Cir. 1971) and Philip Carey Mfg. Co., Miami Cabinet Div. v. N. L. R. B., 331 F.2d 720 (Sixth Cir. 1964).

The courts have generally awarded interest on financial obligations when it appears that the purpose of the statutorily imposed obligation is compensation. In two recent cases, Hodgson v. Daisy Manufacturing Company, 445 F.2d 823 (Eighth Cir. 1971) and Hodgson v. American Can Company, supra, it has been determined that a back pay award under the Fair Labor Standards Act, which is silent as to interest, should bear interest as the purpose of the award is to compensate employees for pay that was withheld from them due to illegal pay discrimination and also because the employer was unjustly enriched by the withholdings. Similarily, interest was held to be a proper incident of the award in an action by a veteran against his former employer for loss of compensation suffered when the employer refused to reemploy the plaintiff in violation of the Universal Military Training and Service Act, which is silent as to interest. Travis v. Schwartz Manufacturing Co., 216 F.2d 448 (Seventh Cir. 1954). It has been held that where a statute provides for liquidated damages, interest should not be allowed as the liquidated damage provision serves the same purpose as interest. Brooklyn Savings Bank v. O'Neil, supra.

The situation involved in this case is *sui generis* and must be resolved through the prior general case law and the terms of the statute itself and not through reference to any other field of law. In this connection, we have learned through Rodgers v. United States, supra, that in deciding whether interest is appropriate in this case we must:

1) Make an appraisal of the Congressional purpose in imposing the financial obligation herein involved, and,

2) Consider the relative equities between the parties.

■■ The Congressional purpose in imposing the obligation herein involved must be gleaned from the face of the statute itself as there is no congressional record available. The statute provides that the mineral owner has the right to acquire those portions of the surface estate reasonably necessary to mining operations upon the payment of fair valuation. If there is a failure of the parties

to agree on fair valuation then the case is submitted to compulsory binding arbitration to determine the value of the property. However, the mineral owner is given the right to go into possession of the surface estate immediately upon failure of the parties to achieve agreement as to fair valuation. It is clear from the face of the statute that the purpose of Congress is to allow the mineral owner to conduct mining operations, and to compensate the surface owner for this loss. As it is possible that the surface owner could lose his estate before the payment of fair valuation, it seems only reasonable that the party who gains possession without first having to pay compensation be required to pay interest on the amount of compensation for the period when he was in possession without payment. Also, the abovementioned decisions regarding back pay show that when the aim of a statute is compensatory, interest must be paid in the absence of a liquidated damage provision.

We must also consider the relative equities between the parties, such consideration being the second prong of the Rodgers v. United States, *supra,* test for determining whether interest should be paid. It appears from the record that the Plaintiff was awarded the right to possession of the surface estate in question subject to its making bond. On October 24, 1972, an Order enjoining the Defendants from interfering with the Plaintiff's use of the land was issued and was served on the Defendants on October 26, 1972. The required bond was posted on October 27, 1972. On November 1, 1972, the Plaintiff took possession of the land or a portion thereof. On May 9, 1973 trial on the case was had and Judgment was entered on July 2, 1973. The Instructions to the Arbitrators were finalized on March 12, 1974, and their Report was filed on May 29, 1974. Payment of the "fair valuation" awarded was effected June 3, 1974.

Thus, the Plaintiff had the benefit of possession of the land (or part thereof) from November 1, 1972 until approximately June 3, 1974 and the Defendants apparently did not receive anything for their loss of possession during this period. It is possible that a part of the delay in the payment may have been caused by the Defendants' litigating the right of the Plaintiff to the possession of the land under the statute and the appointment of arbitrators. Further delay was caused by litigation and proceedings on the preparation of appropriate Instructions to the Arbitrators. It was not until March 12, 1974, that the Instructions were finalized and the Arbitrators were free to proceed. It took the Arbitrators until May 29, 1974 to complete their task and to file their Report.

█ It appears from the record that there was a legitimate controversy prior to the determination of the case on July 2, 1973. Plaintiff should be required to pay interest on the amount of the award during this period as Defendants should not be penalized for litigating their case. Also, Plaintiff had the benefit of the possession and use of the land (or part thereof) during this period without having to pay for it. Such proceedings should be construed as a part of the original litigation. However, the delay occasioned in the appointment of arbitrators could result in a different conclusion. The proceedings to determine the Instructions to the Arbitrators were in good faith and were designed to protect the rights of the parties and furnish proper Instructions to the Arbitrators. Plaintiff should be required to pay interest during the period of delay caused by the preparation and finalization of such Instructions as this would be part of the process of litigation. Plaintiff also should be required to pay interest for the period during which the Arbitrators investigated and made their Report. It is contemplated by the terms of the statute that the Plaintiff will be in possession during these periods without payment and to fully compensate the Defendants they should receive interest on their loss of capital under equitable considerations.

Plaintiff has asserted that it never took possession of the entire surface

estate; that it has paid damages based on the use of the entire surface; that the Defendants have continued throughout to use a portion thereof and that the fair rental value of the portion which they have used must be set off against any award of interest. In a consideration of the relative equities between the parties we should explore this assertion.

This Court will hold a Pretrial Conference and then an evidentiary hearing consistent with this Order. Plaintiff may show the quantity of land that it has used from the time it took possession to the time when the award was paid, the quantity of land that the Defendants have used, and the fair rental value thereof. Plaintiff may also show any period of delay attributable to Defendants' failure to properly act in the matter of the appointment of arbitrators.