**KERN OIL & REFINING CO.,**
**Plaintiff–Appellee,**

v.

**TENNECO OIL COMPANY,**
**Defendant–Appellant.**

No. 9–99.

Temporary Emergency Court of Appeals.

Argued Nov. 14, 1988.

Decided Jan. 27, 1989.

John P. Mathis, Jane G. Adams of Baker & Botts, Washington, D.C., James R. Martin, of Gibson, Dunn & Crutcher, Los Angeles, Cal., Boyd L. Henderson, Alfred B. Smith, Jr., Houston, Tex., for appellant Tenneco Oil Co.

Richard E. Sherwood, Suzanne F. Duff, of O'Melveny & Myers, Los Angeles, Cal., for appellee Kern Oil & Refining Co.

Before GARZA, Chief Judge, and CHRISTENSEN and BROWN, Judges.

CHRISTENSEN, Judge.

From numerous issues and a welter of proceedings in the district court, the United States Court of Appeals for the Ninth Circuit, the Supreme Court, and contemporaneously the Department of Energy, has emerged for our decision a single issue: whether the award of prejudgment interest in a case brought under § 210(a) of the Economic Stabilization Act (ESA)[1] is precluded where the damages claimed are unliquidated and not readily ascertainable.

In consolidated actions filed by Kern Oil & Refining Co. ("Kern") against Tenneco Oil Company ("Tenneco"), the district court found Tenneco liable for intentional violation of federal "supplier/purchaser" regulations contained in 10 C.F.R. § 211.63, and for breach of contract and other violations of state law for refusing to supply Kern with high gravity crude oil from Tenneco's Yowlumne, California, field.[2] Judgment was entered in favor of Kern for $16,761,-639 as identical lost profit damages on each of its claims. The court awarded "eq-

---

1. The Economic Stabilization Act of 1970, as amended by P.L. 92–210 (December 22, 1971) 12 U.S.C. § 1904 note, which was incorporated into the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. §§ 751–760h:

    § 210. Suits for damages or other relief:

    (a) Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction (subject to the limitations in section 211), and/or damages.

2. Kern's consolidated Second Amendment Complaint against Tenneco contained eight causes of action, one of which was preliminarily dismissed. The claims on which judgment was entered in favor of Kern and against Tenneco were (1) breach of federal regulations (12 C.F.R.) concerning maintenance of supplier/purchaser relationships; (2) fraud in representing that it would continue to supply plaintiff with Yowlumne ore sufficient to meet its refining needs; (3) negligent misrepresentation to similar effect; (4) innocent misrepresentation to similar effect; (5) breach of contract; (6) breach of the modified contract, and (7) breach of the implied covenant of good faith and fair dealing. *See* Joint Appendix at 421–22.

uitable" prejudgment interest on the state claims based on a Texas statute authorizing prejudgment interest at an increased rate for intentional misconduct. On the regulatory claim, the court awarded prejudgment interest at a yet higher federal rate.

Tenneco appealed the final judgment on the contract and related state law claims to the Court of Appeals for the Ninth Circuit, and on the regulatory claim to this court. Pursuant to a motion by Tenneco, unopposed by Kern, we stayed this action pending the Ninth Circuit's decision. That court affirmed the judgment in favor of Kern on the state law claims. *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730 (9th Cir.1988). The Supreme Court denied Tenneco's petition for certiorari. —— U.S. ——, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988). We ordered briefing and heard oral argument on the question of prejudgment interest, and now reverse.

Detailed reference to background facts and issues finally determined by the Ninth Circuit is unnecessary in light of ample recitation in the published decision of that court.[3] The parties are agreed that any question of damages on the regulatory claim is moot since the awarded amount is identical to the amount affirmed by the Ninth Circuit on the state law claims. Only the prejudgment interest allowed by the district court on the regulatory claim exceeding the interest allowed on the other

claims is in dispute here, the difference being approximately $1.7 million.

It is appellant's contention that the award of prejudgment interest on the regulatory claim is precluded because the damages sought by Kern were wholly unliquidated, not readily ascertainable, and variantly computed at different stages of the litigation. Furthermore, appellant asserts that interest should have been denied by reason of Kern's "unclean hands" as revealed in administrative proceedings pending before the Department of Energy.

Kern contends that the district court properly exercised its discretion in awarding prejudgment interest on lost profits because of Tenneco's willful and fraudulent breach of regulations, that under such circumstances the unliquidated character of its claim had no controlling significance, and that inequitable conduct on its own part had not been established in the interlocutory administrative proceedings which, in any event, were collateral to the claims before the court.

Appellee also argues that while this court has frequently denied prejudgment interest on unliquidated damages, the present case is one of novel impression because of the defendant's willful misconduct. The trial court found that Tenneco was guilty of such misconduct,[4] concluding that it was not only liable for enhanced interest of 10% expressly allowed by Texas law on unliquidated damages for intention-

---

3. *Kern Oil & Refining Co. v. Tenneco Oil Co., supra*, 840 F.2d at 732–33.

4. The trial court, in its findings of fact and conclusions of law, found that:

   14. At the time of entering into the July 1978 agreement [which at the trial Tenneco claimed waived certain crucial rights of Kern under a 1977 agreement], Tenneco assured Kern that Tenneco would not leave Kern without a sufficient refinery supply, and, based on Tenneco's assurances, Kern understood that the transportation arrangement would be limited to surplus Yowlumne crude Kern could not use. Tenneco's objective was eventually to take all of the Yowlumne production for itself, but it concealed that intent from Kern. Tenneco deliberately embarked on a program of contractual and regulatory breach to protect its own interest at the expense of Kern.

   15. Tenneco induced Kern to entered into the July 1978 agreement by falsely representing to Kern that Tenneco would continue supplying Kern with sufficient Yowlumne crude to meet Kern's refinery needs. Tenneco acted in bad faith toward Kern, capitalizing upon the circumstances of the crude oil glut and the opening of the Four Corners Pipeline for its own purposes, in intentional derogation of Kern's rights.

   16. At all relevant times, Tenneco was fully aware of Kern's refinery expansion plans and its dependency on the Yowlumne crude for refinery supply. Despite this knowledge Tenneco took for itself increasing amounts of the Yowlumne crude it should have sold to Kern and made numerous direct sales of that crude to third parties.

Joint Appendix at 393–394.

al misconduct,[5] but awarded a higher rate authorized under federal law on the regulatory claim.[6] The district court explained its departure from prior decisions of this court upon the ground that "a distinction between cases of liquidated and unliquidated damages in deciding whether to award prejudgment interest is not a sound one," citing *Funkhouser v. J.B. Preston Company,* 290 U.S. 163, 168–69, 54 S.Ct. 134, 136, 78 L.Ed. 243 (1933), and *Miller v. Robertson,* 266 U.S. 243, 258, 45 S.Ct. 73, 79, 69 L.Ed. 265 (1924).[7] It referred to the generally applicable federal rule that "in the absence of a statutory provision, the award of prejudgment interest is in the discretion of the trial court," citing *Eastern Airlines, Inc. v. Atlantic Richfield Co.,* 712 F.2d 1402, 1408 (Temp.Emer.Ct.App.1983), *cert. denied,* 464 U.S. 915, 104 S.Ct. 278, 78 L.Ed. 2d 258 (1983); *Gulf Oil Company v. Dyke,* 734 F.2d 797, 806 (Temp.Emer.Ct.App. 1983), *cert. denied,* 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984); and *Oil, Chemical and Atomic Wkrs. International Union v. American Cyanamid Co.,* 546 F.2d 1144 (5th Cir.1977).[8]

It should be observed at the outset that the statutory and regulatory framework within which this court has considered the question of prejudgment interest is essentially *sui generis.* Consequently, decisions of other courts discussing general federal principles are of only limited help. To understand this, and evaluate properly the arguments made and cases relied upon by the respective parties, it will be helpful to take note of both the framework of the ESA and the different types of damages thereby treated.

A general provision for the recovery of damages is contained in 210(a) of the ESA. There follows special provisions concerning the recovery of damages for "overcharges."[9] Still other provisions concern suits brought by the Attorney General on behalf of the Government for "restitution and other relief."[10]

Unlike cases brought under § 209, which emphasizes the restitutionary character of the remedy, and § 210(b), expressing equitable distinctions and typically involving overcharge claims for the difference between lawful prices and prices actually charged, § 210(a) claims typically involve the inherently unliquidated nature and un-

---

5. Tex.Rev.Civ.Stat.Ann. art. 5,069–1.05 2 (Vernon Supp.1985); *See also Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 553–54 (Tex. 1985).

6. 28 U.S.C. § 1961. This federal statute does not establish criteria for the award of judgment interest, but only fixed rates generally applicable to entered judgments.

7. Joint Appendix at 419.

8. Joint Appendix at 419–420.

9. § 210(b) In any action brought under subsection (a) against any person renting property or selling goods or services who is found to have overcharged the plaintiff, the court may, in its discretion, award the plaintiff reasonable attorney's fees and costs, plus whichever of the following sums is greater:
   (1) an amount not more than three times the amount of the overcharge upon which the action is based, or
   (2) not less than $100 or more than $1000; except that in any case where the defendant establishes that the overcharge was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to the avoidance of such error the liability of the defendant shall be limited to the amount of the overcharge: Provided, that where the overcharge is not willful within the meaning of section 208(a) of this title, no action for an overcharge may be brought by or on behalf of any person unless such person has first presented to the seller or renter a bona fide claim for refund of the overcharge and had not received repayment of such overcharge within ninety days from the date of presentation of such claims.

10. § 209. Whenever it appears to any person authorized by the President to exercise authority under this title that any individual or organization has engaged, is engaged, or is about to engage in any acts or practices constituting a violation of any order or regulation under this title, such person may request the Attorney General to bring an action in the appropriate district court of the United States to enjoin such acts or practices, and upon a proper showing a temporary restraining order or a preliminary or permanent injunction shall be granted without bond. Any such court may also issue mandatory injunctions commanding any person to comply with any such order or regulation. In addition to such injunctive relief, the court may also order restitution of moneys received in violation of any such order or regulation.

certainty of lost profits. The damages claimed in the present case were clearly of that class and a proper reading of the decisions of this court establish that under such circumstances prejudgment interest will not be allowed. Given the unique policy considerations inherent in the ESA, cases from other courts in different contexts relied upon by the district court and Kern, do not persuade us to abandon this position.

For example, *Funkhouser v. Preston Co., supra,* 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243, upheld the New York Civil Practice Act which expressly provided for the recovery of interest in actions for unliquidated damages caused by breach of contract. The court stated that "[w]ithout attempting to review the numerous, and not harmonious, decisions upon the allowance of interest in the case of unliquidated claims, it is sufficient to say that the subject is an appropriate one for legislative action in order to provide a definite rule." *Id.* at 168, 54 S.Ct. at 136. This case is inapposite to the case at hand.

*Miller v. Robertson, supra,* 266 U.S. 243, 45 S.Ct. 73, 69 L.Ed. 265, involved § 9 of the Trading with the Enemy Act. In that context the term "debt" was held to include an unliquidated claim. The Supreme Court, in sustaining the award of interest, said: "[g]enerally, interest is not allowed upon unliquidated claims. But when necessary in order to arrive at fair compensation, the court in the exercise of a sound discretion may include interest ... as an element of damages." *Id.* at 258, 45 S.Ct. at 78. This comment was made in light of the contention by the defendant that "at common law interest was not recoverable, and the case was not a proper one for the exercise of chancery discretion ..." *Id.* at 256–57, 45 S.Ct. at 78. The district court's reliance on this case is weakened by the fact that the damages were not unliquidated because they were "based on the difference between resale prices and those fixed by the contract in suit." *Id.* at 256, 45 S.Ct. at 78.

In *Lea Exploration, Inc. v. Department of Energy,* 843 F.2d 510 (Temp.Emer.Ct.

App.1988) we reversed the trial court's denial of prejudgment interest in a case involving the restitution of overcharges. We said that the trial judge has some discretion in deciding whether to award prejudgment interest, and that "under normal circumstances, an award of restitution under Sec. 209 will include prejudgment interest." *Id.* at 513. However, we added that "[t]his court has, on occasion, found compelling reasons for denying prejudgment interest." *Id.,* citing *Eastern Airlines Inc. v. Atlantic Richfield Co., supra,* 712 F.2d 1402 (prejudgment interest denied where the amount of overcharges was uncertain).

In some instances we have approved the award of prejudgment interest on unliquidated claims, but only in actions brought under § 209 and § 210(b).

In *United States v. Exxon Corp.,* 773 F.2d 1240 (Temp.Emer.Ct.App.1985), this court approved prejudgment interest under § 209, but drew the distinction between § 209 and § 210 by noting that the latter involves "private actions for damages, and not claims for restitution brought by the Government under § 209 of the ESA." *Id.* at 1278. We concluded that the interest award was within the equitable powers of the court and agency in providing restitution under § 209 since restitution is a remedy

> by which defendant is made to disgorge illgotten gains *or to restore the status quo,* or to accomplish both objectives.... There is no indication ... that [§ 209] ... attempts to limit the power of the courts or the agency to restitution or a particularly strict interpretation of restitution. "Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity the full scope of that jurisdiction is to be recognized and applied."

*Id.* at 1278–79, *citing Sauder v. Department of Energy,* 648 F.2d 1341, 1348 (Temp.Emer.Ct.App.1981) (emphasis in original).

*Shepherd Oil, Inc. v. Atlantic Richfield Co.,* 734 F.2d 23 (Temp.Emer.Ct.App.1984), involved a suit on a contract integrating as a controlling term the federal oil allocation

and pricing regulations. The case turned on the maximum price allowed by the buy/sell program for crude oil. We allowed prejudgment interest but on the basis of determinations of law in effect liquidating the claim, held that federal law rather than state law applied with reference to prejudgment interest. *Id.* at 35.

In *Eastern Airlines, Inc. v. Atlantic Richfield Co., supra,* 712 F.2d 1402, the court held prejudgment interest to be improper under § 210 where the claim for damages is uncertain. Kern asserts that lack of "willfulness" was the reason for this denial, but our discussion of that element was wholly in connection with the provision of the statute authorizing treble damages and attorney's fees where the overcharges were willful in the criminal sense. Dealing specifically with prejudgment interest we had already stated without qualification:

> We agree with Judge Mishler that prejudgment interest is not available where the amount of damages claimed to be due is uncertain. *Belcher v. Birmingham National Bank,* 488 F.2d 474, 478 (5th Cir.1973). At all times during this litigation it was evidence that the amount claimed by Eastern was the subject of great certainty, and it would be inequitable and unjust to make such an award in this case.

*Id.* at 1410.

*Gulf Oil Co. v. Dyke, supra,* 734 F.2d 797, involved a claim brought under § 210(b) to recover overcharges. We again held that by reason of the varied and uncertain claims the case was not an appropriate one for prejudgment interest, and reversed the judgment of the district court which had granted it. *Id.* at 806, *citing Eastern Airlines, Inc. v. Atlantic Richfield Co., supra.* The court's reservation in *Gulf Oil* of "the question of whether prejudgment interest may ever be awarded in an overcharge case" only emphasizes the lack of its justification in § 210(a) actions for lost profits. Judge Zirpoli, dissenting in part, would have sustained the award of prejudgment interest as being within the discretion of the trial court, but on reason-

ing supporting in principle our decision in the present case:

> In both *Zahir [v. Shell Oil Co.]* [718 F.2d 1567 (Temp.Emer.Ct.App.1983)] and *Eastern,* this court affirmed the trial court's *denial* of prejudgment interest. In *Zahir* it was held that "the trial court did not abuse its discretion" in declining to award prejudgment interest where the plaintiff's claim was "not for a liquidated or readily liquidatable sum." 718 F.2d at 1573. In that case, the plaintiff's claim upon which he sought prejudgment interest was for *lost profits* due to the defendant's failure to supply him with gasoline. A claim for lost profits is a highly speculative type of injury which must be estimated, rather than one which is capable of determination with mathematical precision. It has long been the rule that awards of prejudgment interest are not given on claims of injury which are not of the type capable of reasonably precise determination. Thus, the refusal of the trial court to award prejudgment interest in *Zahir* was clearly correct.
>
> In the present case, on the other hand, the injury suffered by plaintiffs was one capable of mathematical computation. The "uncertainty" involved was due to the parties' dispute as to which was the proper class of purchaser for determining plaintiff's base price.

*Id.* at 812.

We have the "duty to apply the standards for awarding prejudgment interest consistently from case to case, since one of the principal reasons for the establishment of the Temporary Emergency Court of Appeals was Congress' intent that there be consistency throughout the United States for cases decided under the ESA." *Lea Exploration, Inc. v. Department of Energy, supra,* 843 F.2d at 513. *See* S.Rep. No. 92-507, 92nd Cong., 1st Sess., reprinted in 1971 U.S.Code Cong. & Ad.News 2283, 2292-94. We decline Kern's invitation at this late date to engraft a new qualification upon the established rule so repeatedly declared, especially in the circumstances of a § 210(a) case such as this one.

We need not address the contentions of each party that the other was guilty of inequitable conduct or unclean hands which would justify a ruling in its favor. Neither is there reason to discuss Tenneco's assertion that the full force of its argument in this respect was erroneously precluded by the trial court's refusal to open the record of pending administrative proceedings against Kern.

The judgment of the trial court awarding prejudgment interest on Kern's regulatory claim is reversed.