38 F.3d 1200
 Don VAN VRANKEN, on behalf of himself and all others
similarly situated, and Lew & Ted's Service, Inc.,
Plaintiffs/Cross-appellants,
v.
ATLANTIC RICHFIELD COMPANY, Defendant/Appellant.
 Nos. 93-1150, 93-1151.
 United States Court of Appeals,
Federal Circuit.
 Oct. 6, 1994.
 
 David L. Roll, Steptoe & Johnson, Washington, DC, for appellant (Samuel T. Perkins, F. Michael Kail and Alfred M. Mamlet, of counsel).
 Donald B. Craven, Miller & Chevalier, Washington, DC, for amicus curiae.
 Tracy R. Kirkham and J. Michael Hennigan, San Francisco, CA, Josef D. Cooper, William C. Barnard, Edward W. Harris, III, Debra McVicker Lynch, and Mary T. Doherty, Indianapolis, IN, for cross-appellants.
 Before NEWMAN, PLAGER, and RONEY,* Circuit Judges.
 ON PETITION FOR REHEARING.
 RONEY, Circuit Judge.
 
 ORDER
 
 1
 This case involves a judgment for overcharges under section 210(b) of the Economic Stabilization Act of 1970, 12 U.S.C. Sec. 1904 note (1976), as incorporated in the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. Sec. 751 et seq. (1982). The appeal was duly filed with the Temporary Emergency Court of Appeals ("TECA") and transferred to the Court of Appeals for the Federal Circuit in accordance with the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, 106 Stat. 4506 (1992). This is one of the first TECA cases to be presented to this court under the Federal Courts Administration Act.
 
 
 2
 On September 30, 1993, this Court affirmed without opinion a district court judgment for the plaintiffs in the amount of 63 million dollars 11 F.3d 1069. Approximately two-thirds of that judgment was for prejudgment interest.
 
 
 3
 Defendant's Petition for Rehearing challenges the action of this Court on the ground that the district court departed from TECA precedent and this court's affirmance of that decision "effectively overrules that precedent." Defendant seeks a pronouncement as to whether this Court will follow the precedents of TECA. Contrary to the argument of defendant, the district court's decision, and ours, is consistent with TECA precedent. As the dissent's review of the cases demonstrates, there is no TECA rule generally denying prejudgment interest under Sec. 210. The cases turn on other factors, such as whether the damages are considered "certain." The absence of a case the facts of which might have led TECA to grant prejudgment interest is not the same as a precedent denying it. TECA itself recognized this. See, e.g., Kern Oil & Refining v. Tenneco Oil Co., 868 F.2d 1279 (Temp.Emer.Ct.App.1989).
 
 
 4
 Plaintiffs are a class of individuals and entities who purchased refined petroleum products, mainly gasoline, from defendant Atlantic Richfield Company ("ARCO") during the period from May 1, 1976 through January 28, 1981. They were awarded a judgment for 22.8 million dollars because ARCO overcharged them, specifically by overstating costs with respect to three import fees and duties claims: (1) customs duty offsets, (2) customs duty drawbacks/supplemental fee refunds, and (3) fee exempt licenses.
 
 
 5
 The district court awarded the plaintiffs prejudgment interest. ARCO alleges that the amount of the overcharges was "not certain." Uncertainty in the amount of a claim is a ground for denying prejudgment interest. Eastern Air Lines, Inc. v. Atlantic Richfield Co., 712 F.2d 1402, 1410 (Temp.Emer.Ct.App.), cert. denied, 464 U.S. 915, 104 S.Ct. 278, 78 L.Ed.2d 258 (1983); Gulf Oil Co. v. Dyke, 734 F.2d 797, 806 (Temp.Emer.Ct.App.1983), cert. denied, 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984). And prejudgment interest sometimes turns on the willfulness of the defendant. See Zahir v. Shell Oil Co., 718 F.2d 1567, 1572-73 (Temp.Emer.Ct.App.1983).
 
 
 6
 The district court's decision was properly affirmed. The overcharge was subject to exact mathematical computation based on objective evidence, rendering the amount claimed to be due certain, even though the parties differed over which factors were to be used in the computation. Further, a jury found that plaintiffs had proved the willfulness of ARCO's violation of the price regulations by "clear and convincing" evidence. There was sufficient evidence to support the finding of willfullness, a point unchallenged on appeal. We need not consider whether a different result would obtain if the amount claimed were uncertain or if the violation were not willful.
 
 
 7
 ARCO also asserted legal error in the district court's handling of cost banks. Over the course of a dozen years of pretrial proceedings, including appeals on various issues from the magistrate to the district judge, and from the district court to the Temporary Emergency Court of Appeals, the district court granted ARCO's request to limit discovery of pricing information, which included information relevant to the cost recovery numbers that constituted ARCO's cost banks. The district court accepted ARCO's representations that trial of the issues of interaffiliate transfer costs, import licenses, fees, and duties, would suffice to resolve the overcharge issues. Consideration of all pricing information, ARCO argued, was unnecessary.
 
 
 8
 ARCO and the amicus American Petroleum Institute now insist that evidence concerning the amount of the cost banks was incorrectly excluded and is essential to Van Vranken's case. By motion to amend its answer, ARCO made this argument to the trial court. ARCO sought not to put the amount of its banked fuel costs into contention, but to require that the amount of the cost banks as reported by ARCO to the Department of Energy be accepted without challenge as to how they were calculated. We discern no abuse of discretion in the district court's denial of ARCO's motion to amend its answer on ARCO's terms.
 
 
 9
 The court having considered the submissions of the parties,
 
 IT IS ORDERED THAT:
 
 10
 (1) the decision of the district court is AFFIRMED in all respects, and
 
 
 11
 (2) the Petition for Rehearing is DENIED.
 
 ORDER
 
 12
 A combined petition for rehearing and suggestion for rehearing in banc having been filed by the APPELLANT, and an AMICUS CURIAE brief having been filed in support of the appellant by American Petroleum Institute, and a response thereto having been invited by the court and filed by the CROSS-APPELLANT, and the petition for rehearing having been referred to and acted upon by the panel that heard the appeal, and, thereafter, the suggestion for rehearing in banc, the amicus curiae brief, and the response having been referred to the judges authorized to request a poll whether to rehear the appeal in banc, and a poll having been requested, taken, and failed, it is
 
 
 13
 ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.
 
 
 14
 NIES, Circuit Judge, would rehear the appeal in banc.
 
 
 15
 PAULINE NEWMAN, Circuit Judge, concurring in part, dissenting in part.
 
 
 16
 On rehearing, I join in affirming the decision of the district court in all respects, on the merits. However, I am persuaded that prejudgment interest is not warranted, applying the precedent of the Temporary Emergency Court of Appeals. On substantially identical facts the TECA has refused to award prejudgment interest. This case presents no basis for departing from that precedent.
 
 
 17
 A. TECA Precedent Distinguishes Between ESA Sections 209 and 210
 
 
 18
 TECA has awarded prejudgment interest on recoveries for restitution under ESA Sec. 209, and consistently denied it in actions for damages under ESA Sec. 210. See United States v. Exxon Corp., 773 F.2d 1240, 1278 (Temp.Emer.Ct.App.1985) (awarding prejudgment interest under Sec. 209, and distinguishing actions under Sec. 210), cert. denied, 474 U.S. 1105, 106 S.Ct. 892, 88 L.Ed.2d 926 (1986). The present action was brought under Sec. 210(b).
 
 
 19
 In Eastern Air Lines, Inc. v. Atlantic Richfield Co., 712 F.2d 1402, 1410 (Temp.Emer.Ct.App.), cert. denied, 464 U.S. 915, 104 S.Ct. 278, 78 L.Ed.2d 258 (1983), in denying prejudgment interest under Sec. 210 the TECA explained that prejudgment interest is not available "where the amount of damages claimed to be due is uncertain." Similarly in Zahir v. Shell Oil Co., 718 F.2d 1567, 1573 (Temp.Emer.Ct.App.1983), the court denied prejudgment interest on Sec. 210(a) damages that were measured by Zahir's lost profits, referring to the difficulty of determining lost profits. In the case at bar there was no determination of the lost profits of Van Vranken or any of the other 20,000+ plaintiffs; and indeed no evidence that any plaintiff suffered actual lost profits, instead of passing the overcharge on to the customer.
 
 
 20
 In Gulf Oil Corp. v. Dyke, 734 F.2d 797, 806 (Temp.Emer.Ct.App.), cert. denied, 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984), the TECA reversed the award of prejudgment interest by the district court, stating that although the overcharges under Sec. 210(b) could be determined to a definite sum, the amount claimed was unliquidated and (as here) was made certain only by trial, making it unjust to award prejudgment interest. The dissenting judge in Gulf Oil was of the view that it was within the court's discretion to award prejudgment interest on overcharges that the plaintiffs did not pass through to customers. Id. at 811. However, as in this case, such showings were not made.
 
 
 21
 I have not found, or been directed to, any case awarding prejudgment interest under Sec. 210, whereas prejudgment interest is routinely awarded under Sec. 209. In Kern Oil & Refining Co. v. Tenneco Oil Co., 868 F.2d 1279, 1281-82 (Temp.Emer.Ct.App.1989), an action under Sec. 210(a), the court speculated that an award of prejudgment interest was "possible" in actions under Sec. 210(b)--the section under which the Van Vranken action was brought--if the "inherently unliquidated nature and uncertainty" that characterize lost profits recovery under Sec. 210(a) were absent from recovery of overcharges under Sec. 210(b). However, such an award was not made in Kern Oil, the court stating:
 
 
 22
 Unlike cases brought under Sec. 209, which emphasizes the restitutionary character of the remedy, and Sec. 210(b), expressing equitable distinctions and typically involving overcharge claims for the difference between lawful prices and prices actually charged, Sec. 210(a) claims typically involve the inherently unliquidated nature and uncertainty of lost profits. These damages claimed in the present case were clearly of that class and a proper reading of the decisions of this court establish that under such circumstances prejudgment interest will not be allowed.
 
 
 23
 868 F.2d at 1281-82. Thus although Kern Oil did not eliminate the possible award of prejudgment interest under Sec. 210(b), in the case at bar the facts closely match those of Gulf Oil, in which prejudgment interest was refused under Sec. 210(b). Indeed, the plaintiffs herein consistently maintained that the amount of the overcharges was unknown.
 
 
 24
 A distinction between recovery under ESA Secs. 209 and 210 is that recovery by the government under Sec. 209 is measured by the amount of the overcharge. However, the award of damages in private actions under Sec. 210 raises the question of whether actual damages were suffered by the plaintiffs, or whether the overcharges were simply passed through to others. This distinction is reflected in the denial by TECA of prejudgment interest under Sec. 210. The TECA has consistently so held.
 
 
 25
 Thus, although I agree that Sec. 210 does not prohibit the award of prejudgment interest, and on that basis I had joined in affirming the district court's award, I now believe that TECA precedent requires its denial.
 
 B. Willfulness
 
 26
 Nor does the jury's finding of willfulness affect this result. I have found no case under the Economic Stabilization Act wherein prejudgment interest was awarded because of willfulness. In Kern Oil the TECA held that willfulness goes to treble damages and attorney fees, as authorized in ESA Secs. 210(b) and (b)(1). The award of prejudgment interest is a matter of law and proof, not punishment. Thus precedent again weighs against the award of prejudgment interest.
 
 
 
 *
 Judge Paul H. Roney, United States Court of Appeals for the Eleventh Circuit, sitting by designation