OIL, CHEMICAL & ATOMIC WORKERS
INTERNATIONAL UNION, LOCAL #
4–447, et al., Plaintiffs-Appellants,

v.

AMERICAN CYANAMID COMPANY,
Defendant-Appellee.

No. 76–2346
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1977.

Dennis M. Angelico, New Orleans, La.,
for plaintiffs-appellants.

Lawrence J. Molony, Terence E. Hall,
New Orleans, La., for defendant-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

GODBOLD, Circuit Judge:

The union was awarded a judgment under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 et seq. for payment of unpaid vacation benefits under a collective bargaining agreement. The only issue is whether the court erred in declining to award pre-judgment interest (post-judgment interest was awarded).

The general federal rule is that in the absence of a statutory provision the award of pre-judgment interest is in the discretion of the court. *Wolf v. Frank*, 477 F.2d 467 (CA 5, 1973) (§ 10b–5 securities case); *Dennis v. Central Gulf Steamship*, 453 F.2d 137 (CA 5, 1972) (admiralty); *Weeks v. Alonzo Cothron*, 493 F.2d 538 (CA 5, 1974) (longshoremen and harbor workers); *Solomon v. Warren*, 540 F.2d 777 (CA 5, 1976) (DOHSA). The LMRA contains no explicit provision. We apply the general rule to this case. The Second Circuit has done the same. *Lodges 743 and 1746 v. United Aircraft Corp.*, 534 F.2d 422 (CA 2, 1975).

No basis is shown for holding that the district judge abused his discretion other than the contention that plaintiffs should be given pre-judgment interest to make them whole. This reason would apply with respect to any § 301 suit in which plaintiff successfully sues for money allegedly due under the terms of a collective bargaining agreement. This is not alone sufficient basis for a finding of abuse of discretion.

AFFIRMED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.