**Stephen L. SOLOMON, Plaintiff,**

v.

**GODWIN AND CARLTON, P.C., Defendant.**

Civ. A. No. 3:95–CV–1208–D.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 22, 1995.

James L. Hicks, Jr. and Scott A. Rosuck, of Hicks & Assocs., P.C., Dallas, TX, for plaintiff.

Harvey M. Shapan and Julie I. Ungerman, of Godwin and Carlton, P.C., Dallas, TX, for defendant.

FITZWATER, District Judge:

The instant motion to strike presents the question whether the damages cap of 42 U.S.C. § 1981a(b) applies to compensatory and punitive damages in the aggregate, or severally to each type of damage. The court holds that the cap imposes a single limitation on both types of damages, so that the total of compensatory and punitive damages awarded

may not exceed the applicable cap amount. The court declines to strike plaintiff's damages allegations, however, because the damages limit is properly given effect after the verdict, when the court enters its judgment.

## I

Plaintiff Stephen L. Solomon, Esq. ("Solomon") sues defendant Godwin and Carlton, P.C. ("Godwin and Carlton") for disability discrimination, contending he was terminated from employment as an attorney with the law firm in violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* He alleges that he is entitled to recover "punitive damages in the amount of $200,000.00 and compensatory damages in the amount of $200,000.00." Compl. at ¶ VIII. He also requests recoveries in these amounts in subparts (4) and (5) of the complaint's prayer for relief.

■ Godwin and Carlton moves pursuant to Fed.R.Civ.P. 12(f) to strike ¶ VIII of the complaint, as well as subparts (4) and (5) of plaintiff's prayer, contending 42 U.S.C. § 1981a(b)(3)(C) limits Solomon to an aggregate award of $200,000 for compensatory and punitive damages.[1] The court agrees with Godwin and Carlton's reading of the statute, but denies the motion to strike.[2]

## II

### A

■ 42 U.S.C. § 1981a(b)(3)(C) provides that

The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—in the case of a respondent who has more than 200 and fewer than 501 employees in

each of 20 or more calendar weeks in the current or preceding calendar year, $200,-000[.]

In *Hogan v. Bangor and Aroostook R.R. Co.,* 61 F.3d 1034 (1st Cir.1995), an employee brought a discrimination action pursuant to the ADA. The district court reduced to the sum of $200,000 a jury verdict in favor of the employee in the amount of $400,000 in compensatory and punitive damages. The First Circuit affirmed the trial court's reasoning that § 1981a(b)(3) caps total damages—both compensatory and punitive—at the limit prescribed in the statute.

Hoping to retain the $400,000 award, [plaintiff] argues, based solely on an improbable reading of the statute, that 42 U.S.C. § 1981a(b)(3) imposes a cap of $200,000 on each type of damage award, and not on the sum of the two.... The district court correctly read the provision as "[t]he sum of the amount of compensatory damages ... and the amount of punitive damages ... shall not exceed ... $200,000." The only other court to have considered the issue thus far has reached the same conclusion. *See U.S. Equal Employment Opportunity Commission v. AIC Security Investigations, Ltd.,* 823 F.Supp. 571, 576 (N.D.Ill.1993), *rev'd in part on other grounds,* 55 F.3d 1276 (7th Cir.1995). The statute is clear on its face that the sum of compensatory damages (including its various components) and punitive damages shall not exceed $200,000.

*Id.* at 1037. The court agrees with the First Circuit, and holds that § 1981a(b)(3) imposes an aggregate cap on the combined amount of compensatory and punitive damages.

### B

■ The court declines, however, to strike the relevant portions of Solomon's complaint. In *Haltek v. Village of Park Forest,* 864 F.Supp. 802, 806–07 (N.D.Ill.1994), the district court addressed in an ADA case the

---

1. Godwin and Carlton concedes for purposes of this motion that it is an employer who is subject to the $200,000 cap of § 1981a(b)(3)(C).

2. The court recognizes that it is deciding this motion prior to the time Godwin and Carlton has

filed a reply brief. The court may do so in its discretion, *see* N.D.Tex.R. 5.1(f), and in view of the court's disposition of Godwin and Carlton's motion, it holds that a reply brief is unnecessary.

question whether a claim for compensatory damages of $500,000 and punitive damages of $1 million should be stricken. Although the court agreed that plaintiff's damages claim was subject to the cap, the court declined to strike the claim. The court reasoned that to do so would violate § 1981a(c)(2), which provides that "If a complaining party seeks compensatory or punitive damages under this section—the court shall not inform the jury of the limitations described in [§ 1981a(b)(3) ]." Instead, the proper procedure is to deny plaintiff's motion to strike, and "if Plaintiff subsequently receives a jury verdict in excess of the appropriate damage cap, the Court should then reduce such verdict so that it meets the damage cap requirements of § 1981a(b)." *Id.* at 807. The court agrees with this analysis, and therefore denies Godwin and Carlton's motion to strike.

\* \* \* \* \* \*

Godwin and Carlton correctly argues that Solomon may not recover in excess of the aggregate sum of $200,000 for compensatory and punitive damages. The court nevertheless denies Godwin and Carlton's August 25, 1995 motion to strike, leaving the task of reducing any damages award for compensatory and punitive damages until after the jury returns its verdict.

**SO ORDERED.**