Joann HALL, Plaintiff,

v.

**STORMONT TRICE CORPORATION, d/b/a Norfolk Marriott Hotel, Defendant.**

No. 2:97 cv178.

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 11, 1997.

---

Scott Meadows Reed, Scott M. Reed, P.C., Virginia Beach, VA, for Plaintiff.

Lisa Ann Bertini, Robert William McFarland, McGuire, Woods, Battle & Boothe, Norfolk, VA, for Defendant.

## OPINION AND ORDER

MORGAN, District Judge.

This matter is before the Court on Defendants' Motions for Summary Judgment pursuant to Fed.R.Civ.P. 56, filed June 9, 1997. A hearing was conducted and the Court ruled from the bench on this matter on Tuesday, August 19, 1997. This opinion will further explain the rationale for the Court's ruling.

## FACTS

Plaintiff Joann Hall ("Hall") was the employee of Norfolk's Waterside Marriott ("Marriott") from October 7, 1991 to December 20, 1994 as a Banquet Captain. Hall alleges that her termination was the result of racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981a. Defendant denies that the alleged discrimination took place.

On December 3, 1993, Hall alleges she was disciplined and on April 23, 1994, Hall alleges she was subject to unequal terms and conditions of employment based on inadequate staffing. As a result of each of these two incidents, she complained to the NAACP. On June, 6, 1994, June 13, 1994, and June 23, 1994, Hall allegedly was harassed in the form of disrespectful and confrontational treatment by management that impaired her ability to perform her employment responsibilities. All of the above incidents were the subject of an EEOC Complaint filed July 1, 1994.

On December 20, 1994, Hall was discharged from employment with Marriott. Hall filed another EEOC Complaint, dated December 20, 1994, alleging her discharge arose from unlawful discrimination. Hall filed a third EEOC Complaint in 1995 alleging that she was unlawfully denied a promotion to the position of Assistant Banquet Manager sometime before May 15, 1994.

Hall filed a complaint on February 14, 1997. The Complaint alleges four counts asserted against Marriott. Count 1 alleges Marriott management, supervisory employees and agents unlawfully discriminated against Hall during the entirety of her employment based on her race in violation of Title VII. Count two alleges unlawful racial discrimination from April 25, 1994 (the date of her NAACP Complaint) through June 25, 1994 based on the three episodes of harassment occurring in June, 1994 in violation of Title VII. Count three alleges unlawful discrimination based on the denial of Hall's promotion to Assistant Banquet Manager in violation of Title VII. Count four alleges retaliatory termination of Hall's employment based on the filing of the July 1, 1994 EEOC Complaint. Hall seeks recovery of back pay, front pay and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, attorneys' fees and other appropriate relief. No punitive damages were mentioned or sought. Hall is suing for $300,000 per count for a total of $1.2 million. Hall has demanded a jury trial in this matter.

In her Brief in Opposition to Defendant's Motion for Summary Judgment, Plaintiff stipulated to the fact that Defendant has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

### Summary of Arguments

Hall stipulated to Defendant having between 201 and 500 employees. Defendant asserts that the statutory cap in 42 U.S.C. § 1981a(b)(3)(C) applies to the combination of all counts brought by a single plaintiff. Defendant further argues that it would be ineffective to apply the statutory cap to all punitive and compensatory damages awarded in a suit and then allow separate counts to warrant separate statutory caps. Defendant argues that Congress placed a general statu-

tory cap and applied it to both compensatory and punitive damages in order to limit the recovery received by an aggrieved plaintiff and to advise employers of the extent of their potential liability.

Plaintiff argues, however, that the statutory cap contained within § 1981a only limits her damages to $200,000 for each of her four counts meaning a potential recovery of $800,-000. Plaintiff claims she joined her four claims, under Fed. R. Civ P. 18(a), for the Court's convenience.[1] The Plaintiff argues that an action taken by the Plaintiff for the Court's benefit should not thereby limit her recovery to a total of $200,000 as opposed to $800,000.

### Standard of Review

District courts may enter summary judgment only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc) *cert. den.*, 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The facts and inferences to be drawn from the pleadings must be viewed in the light most favorable to the nonmoving party. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir.1995). Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986).

### Analysis

The issue presented in this case is whether the statutory cap imposed in 42 U.S.C. § 1981a(b)(3) is applied to the total recovery of the plaintiff or whether a separate recovery is available for each Title VII count presented. This issue seems to be one of first impression for the Court.

42 U.S.C. § 1981a(b)(3) reads:

**(b) Compensatory and punitive damages**

(1) Determination of punitive damages. A complaining party may recover punitive damages under this section against a respondent (other than a government, gov-

ernment agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a *discriminatory practice or discriminatory practices* with malice or with reckless indifference to the federally protected rights of an aggrieved individual....

(3) Limitations. The *sum* of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for *each complaining party*—

(c) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000....

(emphasis added). The statute applies the statutory cap to the damages of "each complaining party." *Id.* If the statute had spoken of a cap for each complaint, issue or count, the Court may have interpreted the statute differently. Instead, the statute, by referring to "each complaining party," leads the Court to conclude that the Plaintiff's damages are limited to $200,000.

The precedents available on this issue include *Beam v. Concord Hospitality, Inc.*, 1996 WL 455020 (D.Kan.1996) and *Haltek v. Village of Park Forest*, 864 F.Supp. 802 (N.D.Ill.1994). In *Beam*, the plaintiff alleged several counts including two federal discrimination claims under Title VII. *See* 1996 WL 455020 at *1. The U.S. District Court of Kansas did not directly address the issue of whether a single statutory cap applied to each of the Title VII discrimination claims. *See id.* at *6. The court did say that the statutory cap should be applied after the jury returns a verdict in excess of the statutory cap, implying that the cap applies to all counts as determined by the jury. *See id.* The court in *Haltek*, when faced with numerous Title VII claims, assumed that the statutory cap applied to all of plaintiff's claims together, but refrained from applying the cap until after a jury verdict was reached. *See*

---

1. Defendant responds that the Court would most likely have ordered a joint trial for all these

matters pursuant to Fed. R. Civ. P 42(a) if the counts had been brought as separate actions.

864 F.Supp. at 807. Am. Jur. further supports this statutory reading. *See* 45C Am. Jur. Job Discrimination § 3000 (1993) ("The damage caps apply to each aggrieved individual, whether or not a respondent is subject to multiple damage awards . . . ."). This interpretation is consistent with section 1981a(b)(1) which entitles a complaining party to punitive damages for "a discriminatory practice or discriminatory practices . . . ." This language suggests that one punitive award within the statutory cap is available for multiple discriminatory practices. There is no language in the statute to suggest that a single cap would be applied to punitive damages and a different treatment accorded those forms of compensatory damages outlined in the statute.

An analogous question that has been decided by numerous courts is whether the statute applies the cap to the request for all compensatory as well as punitive damages. Recent federal court decisions have supported the reading that a plaintiff requesting both compensatory and punitive damages is entitled to a total award of $200,000 under similar facts as this. *See Hogan v. Bangor and Aroostook Railroad Co.*, 61 F.3d 1034, 1037 (1st Cir. 1995) ("The statute is clear on its face that the sum of compensatory damages (including its various components) and punitive damages shall not exceed $200,000."); *Solomon v. Godwin and Carlton, P.C.*, 898 F.Supp. 415, 415–16 (N.D.Tex.1995) ("The court holds that the cap imposes a single limitation on both types of damages, so that the total of compensatory and punitive damages awarded may not exceed the applicable cap amount."). It seems illogical to conclude that Congress intended to limit the amount of punitive and compensatory damages recovered, but also intended to allow separate recoveries on each count pleaded.

Based upon this reasoning, the statutory cap should apply to the total sum awarded to the Plaintiff. Plaintiff should not be able to recover additional damages because she or her attorney were able to envision multiple legal theories upon which to base her discrimination complaint. If the Plaintiff is permitted to allege multiple counts, each based on a different legal theory as a means of evading the statutory cap imposed by Congress, the purpose of the cap is thwarted. Therefore, Marriott is entitled to have a single statutory cap apply to the sum of the Plaintiff's claims.

Because this Court will not inform the jury of the damage cap, *see Beam*, 1996 WL 455020 at \*5; *Haltek*, 864 F.Supp. at 807, the amount that can be requested from the jury will not be limited.[2] Therefore, Defendant's Motion for Summary Judgment in regard to the application of the statutory cap to the total sum of damages awarded to the Plaintiff including compensatory as well as punitive is **GRANTED**. However, the statutory cap will not be imposed unless and until the jury·returns a verdict for greater than the statutory limit.

The Clerk is **REQUESTED** to send copies of this order to all counsel of record.

It is so **ORDERED**.

---

**2.** The parties are cautioned that, where the damages are unliquidated, this Court does not ordinarily permit any party to mention to the jury the amount of damages sought.