Janet M. RAU, Plaintiff,

v.

APPLE–RIO MANAGEMENT COMPANY, INC., d/b/a T.J. Applebee's; Café Ventures, Inc.; Apple Restaurants, Inc.; and Steve Smith, Defendants.

No. Civ.A. 1:97–CV–2345–GGB.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 30, 1999.

R. Lawrence Ashe, Jr., William Bradley Hill, Jr., Nancy E. Rafuse, Paul Hastings Janofsky & Walker, Atlanta, GA, for Plaintiff.

Paul Oliver, Kathleen Jean Van Detta, Wimberly & Lawson, Atlanta, GA, Stephen Paul Fuller, Davidson, Fuller & Sloan, Duluth, GA, for Defendants.

## ORDER REGARDING ENTRY OF JUDGMENT

BRILL, United States Magistrate Judge.

The jury trial of this case concluded on August 20, 1999 when the jury returned a verdict in plaintiff's favor on two counts. This action is currently before the court on this court's August 24, 1999 order requiring the parties to brief the issue of how and in what amount judgment should be entered [Doc. 132], and on plaintiff's Motion for Entry of Judgment [Doc. 133].

On plaintiff's claim for sex discrimination, the jury awarded $17,000 in back pay, $50,000 in compensatory damages, and $1,200,000 in punitive damages. On plaintiff's claim for retaliation, the jury award-

ed $17,000 in back pay, $42,000 in compensatory damages, and $500,000 in punitive damages. Plaintiff's remaining claims were dismissed by this court on March 30, 1999, including all claims against defendant Steve Smith.

Plaintiff seeks entry of judgment in the full amount of the jury award ($1,826,000). (Doc. 133 ¶ 1). Plaintiff concedes that this amount exceeds the cap on damages required by 42 U.S.C. § 1981a, but argues that application of § 1981a should be the subject of post-judgment motions. (*Id.,* Brief at 2–3). Plaintiff also seeks prejudgment interest, at the rate of 12%, on the total award for back pay and compensatory damages ($126,000). (*Id.* at 4). Finally, plaintiff seeks an array of injunctive and declaratory relief. (*Id.* at 4–7).

Defendant opposes entry of judgment in the full amount of the verdict because it exceeds the § 1981a cap. (Doc. 134 at 2–8). According to defendant, plaintiff is entitled to entry of judgment in the amount of $334,000. (*Id.* at 8). Defendant also contends that prejudgment interest is not warranted in this case, and that plaintiff is not entitled to declaratory or injunctive relief because she did not request it in the pretrial order and because her request is excessive. (*Id.* at 8–11).

For reasons stated below, plaintiff's Motion for Entry of Judgment [Doc. 133] is **DENIED IN PART and GRANTED IN PART.** Judgement will be entered in the amount of $334,000 with the injunctive relief specified below.

1. Plaintiff cites three cases from other districts in support of her argument. (*See* Doc. 133 at 2–3). One of those cases, *Burney v. Intermare K.G., K.S. Kuhlschiff K.m.b.H. and Co.,* 717 F.Supp. 793 (M.D.Fla.1988), *aff'd,* 886 F.2d 1323 (11th Cir.1989) (Table), concerns a remittitur, not application of § 1981a. The amount of a remittitur, however, is not predetermined by law, nor is the plaintiff required to accept it. *See Burney,* 717 F.Supp. at 796–97. Thus, the court finds this case unpersuasive.

The two remaining cases, although they both involve § 1981a, are also unpersuasive. Neither case directly addresses the issue presented here: whether the court should enter judgment in an amount it knows *in advance* is

## I. MONETARY RELIEF

### A. Jury Award

#### 1. Jury award not permitted by statute should not be entered as judgment

Generally, entry of judgment is reserved for final resolution of an action, not, as plaintiff suggests, as an intermediate procedure designed to aid final resolution. *See* Fed.R.Civ.P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); Fed.R.Civ.P. 54(c) ("every final judgment shall grant the relief to which the party in whose favor it is rendered in entitled"); 10 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2651 (1998) ("The terms 'decision' and 'judgment' are not synonymous under the federal rules. The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect.").

As noted above, the parties do not dispute that 42 U.S.C. § 1981a is applicable and, more importantly, that it requires reduction of the jury award; their disagreement concerns the *amount* of that reduction. Entry of judgment in an amount that all agree would require adjustment is contrary to the spirit, if not the letter, of the Federal Rules of Civil Procedure. For this reason, the court will consider how § 1981a should apply and will adjust the jury award accordingly.[1]

contrary to law. *See Jefferson v. Milvets System Technology, Inc.,* 986 F.Supp. 6, 7, 11–12 (D.D.C.1997) (noting, without comment, that the clerk entered judgment in the amount of the jury award, and finding that the judgment had to be reduced pursuant to § 1981a); *Smith v. Norwest Financial Wyoming, Inc.,* 964 F.Supp. 327, 329–30 (D.Wyo.1996), *aff'd,* 129 F.3d 1408 (10th Cir.1997) (considering, via a post-judgment motion, whether a jury award of $270,000 in compensatory damages should be reduced to $200,000 where the parties disputed the number of people employed by the defendant, and where a finding in plaintiff's favor on this point would not have required reduction of the award).

2. *Limitation on damages established by § 1981a applies to each action, not each claim*

█ Section 1981a governs the award of damages in Title VII cases. It permits recovery of compensatory[2] and punitive damages, but places a variable limit on the amount recoverable. In relevant part, the statute states:

(a)(1) In an *action* brought by a *complaining party* under [Title VII] . . . the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section. . . .

(b)(3) The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, *for each complaining party* . . . (D) in the case of a respondent who has more than 500 employees . . . $300,000. . . .

(d) As used in this section: (1) The term "complaining party" means—(A) . . . a person who may bring an *action* or proceeding under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). . . .

42 U.S.C. § 1981a (emphasis added).

Plaintiff contends that the $300,000 cap should apply separately to each of her claims, for a total cap of $600,000. (Doc. 133, Brief at 3 n. 2). Defendant contends that the $300,000 cap applies to plaintiff's action as a whole. (Doc. 134 at 2–8).[3]

The court agrees with defendant and with every other court that has addressed the issue, and finds that the plain language of § 1981a requires application of the cap to the action as a whole, not to each individual claim. *See Hudson v. Reno*, 130 F.3d 1193, 1199–1201 (6th Cir.1997), *cert. denied*, 525 U.S. 822, 119 S.Ct. 64, 142 L.Ed.2d 50 (1998); *Smith v. Chicago School Reform Board*, 165 F.3d 1142, 1149–50 (7th Cir.1999); *Baty v. Willamette Industries, Inc.*, 172 F.3d 1232, 1245–46 (10th Cir.1999); *Krahel v. Owens–Brockway Glass Container, Inc.*, 971 F.Supp. 440, 455 (D.Or.1997); *Hall v. Stormont Trice Corp.*, 976 F.Supp. 383, 385–86 (E.D.Va.1997); *Martini v. Federal Nat'l Mortgage Assoc.*, 977 F.Supp. 464, 469–70 (D.D.C.1997), *vac'd on other grounds*, 178 F.3d 1336 (D.C.Cir.1999); *Muller v. Costello*, 997 F.Supp. 299, 302–03 (N.D.N.Y. 1998), *aff'd*, 187 F.3d 298 (2nd Cir.1999). *See also Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) (A "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."). The reference to "each complaining party" in § 1981a(b)(3), in combination with the definition of "complaining party" found in § 1981(d) and the reference to "action" in § 1981a(a)(1), compels a finding that the caps apply to each action, not each claim.

B. *Prejudgment Interest*

Plaintiff contends that she is entitled to prejudgment interest, at the rate of 12% from November 12, 1996 until the date of judgment, on the total back pay and compensatory damages awarded by the jury. (Doc. 133 ¶ 4). In response, defendant contends that this court has discretion to decline an award of prejudgment interest and that it should do so in this case. (Doc. 134 at 8–9). According to defendant,

---

**2.** The term "compensatory damages" as used in § 1981a does not include back pay or interest on back pay. *See* 42 U.S.C. § 1981a(b)(2).

**3.** As noted above, plaintiff argues that this dispute should not be resolved at this time and declines to address its merit. (*See* Doc. 135 at 1–2 & n. 2). Because the parties have not fully briefed this and other issues addressed in this order, the court will carefully consider any post-judgment motions seeking reconsideration of these matters, provided new information is presented.

The Court should exercise its discretion to deny Plaintiff prejudgment interest because the jury has already factored interest into its back pay award. In describing her monetary damages to the jury, Plaintiff included an amount for interest on her lost wages. Plaintiff asked for $33,995.36, *including interest.* The jury awarded Plaintiff $34,000, split evenly between the two claims.

(Doc. 134 at 8). Defendant also argues that, even if plaintiff were entitled to prejudgment interest, it would apply only to the award of back pay, not to compensatory damages. (*Id.* at 9). Finally, defendant disputes the beginning and ending dates for accrual of interest and the rate of interest suggested by plaintiff. (*Id.*).

### 1. Back pay

■■■ "The decision regarding whether to grant equitable relief and what equitable relief to grant lies in the discretion of the trial court." *Lengen v. Dep't of Transportation,* 903 F.2d 1464, 1468 (11th Cir. 1990). The Court of Appeals for the Eleventh Circuit "has held, however, that once a plaintiff has proven discrimination, back pay should be awarded 'unless special circumstances are present.'" *Lengen,* 903 F.2d at 1468 (quoting, *Parson v. Kaiser Aluminum & Chemical Corp.,* 575 F.2d 1374, 1391 (5th Cir.1978), *cert. denied sub nom., Local 13000, United Steelworkers of America, AFL—CIO CLC v. Parson,* 441 U.S. 968, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979)). The court finds that no special circumstances are present here and that plaintiff is entitled to interest on her lost wages to achieve full compensation.

Nevertheless, the court will not add interest to the $34,000 already awarded by the jury. As noted above, defendant contends that this figure includes interest on plaintiff's lost wages. Though given an opportunity to dispute this contention, plaintiff did not respond. (*See* Doc. 135 at 2). The court, therefore, accepts it as true.

If plaintiff disagrees, she may file a motion to alter or amend judgment. *See* Fed.R.Civ.P. 59(e). Any such motion should include a discussion of the content of plaintiff's testimony regarding lost wages and interest, with appropriate citations to the record. Plaintiff should also address the details of how interest should be calculated and provide the actual calculations. Finally, plaintiff should discuss the significance of relevant case law, including the following: *Darnell v. City of Jasper, Ala.,* 730 F.2d 653, 656–57 (11th Cir.1984) (finding that back pay should be calculated using a "quarterly earnings formula"); *Smith v. American Service Co. of Atlanta, Inc.,* 796 F.2d 1430, 1432–33 (11th Cir.1986) (instructing courts to look to the practice under the NLRA with respect to prejudgment interest on back-pay awards); *Equal Employment Opportunity Commission v. Guardian Pools, Inc.,* 828 F.2d 1507, 1512 (11th Cir.1987) (requiring, "in the interest of uniformity," that the rate of interest on back-pay awards be calculated using the IRS prime rates that prevailed during the relevant time period); *Walters v. City of Atlanta,* 610 F.Supp. 715, 728 (N.D.Ga.1985) (same, with additional requirement that interest on back pay be "calculated from the end of each calendar quarter, on the amount then due and owing"), *aff'd in part and rev'd in part,* 803 F.2d 1135 (11th Cir.1986).

### 2. Other compensatory damages

Plaintiff also contends that she is entitled to prejudgment interest on the $92,-000 awarded by the jury for other compensatory damages. (Doc. 133, Brief at 4; Doc. 135 at 2). This award is for personal injuries plaintiff suffered because of defendants' discriminatory actions, injuries such as emotional pain and suffering, inconvenience, mental anguish, and other nonpecuniary losses. *See* 42 U.S.C. § 1981a(b)(3). Defendant contends that plaintiff is not entitled to interest on her compensatory damages. (*See* Doc. 134 at 9).

■■■ When damages are awarded pursuant to federal law, the general rule "is that in the absence of a statutory provision the

award of pre-judgment interest is in the discretion of the court." *Oil, Chemical & Atomic Workers Int'l Union, Local # 4-447 v. American Cyanamid Co.*, 546 F.2d 1144, 1144 (5th Cir.1977); *see also Payne v. Panama Canal Co.*, 607 F.2d 155, 166 (5th Cir.1979) (citing cases); *Funkhouser v. JB Preston Co.*, 290 U.S. 163, 168–69, 54 S.Ct. 134, 136, 78 L.Ed. 243 (1933) ("in the absence of legislation the courts have dealt with the question of allowing interest according to their conception of the demands of justice and practicality") Section 1981a of Title 42, which authorizes compensatory damages for Title VII claimants, does not mention interest. *See* 42 U.S.C. § 1981a(b). Nevertheless, a strong argument could be made that the statute precludes an award of interest that would push the total award over the statutory cap. *See* 42 U.S.C. § 1981a(3) ("The sum of the amount of compensatory damages awarded ... shall not exceed ... $300,-000."). In any event, because the court finds that a discretionary award of interest is not warranted in this case, it will not determine whether an award is precluded by § 1981a.

■ Exercise of this court's discretion is guided by principles of common law. Under common law, prejudgment interest was generally allowed only for liquidated damages or, in some cases, for unliquidated damages that were "relatively certain and ascertainable by reference to established market values." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 652 n. 5, 103 S.Ct. 2058, 2060 n. 5, 76 L.Ed.2d 211 (1983); *Miller v. Robertson*, 266 U.S. 243, 258, 45 S.Ct. 73, 78, 69 L.Ed. 265 (1924); *see also* 22 Am.Jur.2d Damages § 654. "[A] major factor permeating cases in which prejudgment interest has been allowed is the necessity to compensate an injured plaintiff." *Payne*, 607 F.2d at 166; *see also Miller*, 266 U.S. at 258, 45 S.Ct. 73. "As a corollary, prejudgment interest is not allowed when it is not a necessary element of compensation." *West v. Harris*, 573 F.2d 873, 883 (5th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979). Moreover, prejudg-

ment interest is generally not allowed for damages, such as those at issue here, intended to compensate for personal injuries. *See* 22 Am.Jur.2d Damages §§ 664, 665, 667; *West*, 573 F.2d at 883 (distinguishing personal-injury cases from those that are "pecuniary in nature" and involve liability "based upon the readily ascertainable value of damages to property").

Here, plaintiff seeks interest on damages intended to compensate her for personal injuries, the value of which could not have been readily ascertained prior to trial. These are precisely the type of damages for which prejudgment interest has traditionally been denied. Moreover, interest is not needed to fully compensate plaintiff for her injuries. In addition to the substantial jury award for compensatory damages ($92,000), plaintiff is the beneficiary of a large punitive-damages award.

## II. *EQUITABLE AND DECLARATORY RELIEF*

In addition to monetary relief, plaintiff seeks a declaratory judgment and a wide array of injunctive relief, including: (1) removal of documents related to her demotion and non-promotion from her personnel file, (2) a positive letter of reference from defendants regarding plaintiff's performance as a general manager, (3) a prohibition against further discrimination by defendants with annual reporting requirements, (4) posting of the injunction at defendants' places of business, and (5) a requirement that defendants provide "appropriate discipline" for the relevant decision makers and that defendants' management-level employees engage in "diversity/sensitivity" training. (Doc. 133 ¶¶ 6–11).

### A. *Plaintiff's failure to mention equitable and declaratory relief in the pretrial order is not controlling*

■ Defendants contend that plaintiff is barred from requesting declaratory or equitable relief because she did not mention it in the pretrial order. (Doc. 134 at 9).

In reply, plaintiff argues that the local rules of this court do not require inclusion of a request for declaratory or injunctive relief in the pretrial order. (Doc. 135 at 2–3).

In plaintiff's complaint, she requested relief in the form of a declaratory judgment and an injunction permanently enjoining defendants "from engaging in any employment policy, practice or custom which discriminates against any employee on the basis of gender, pregnancy and/or in retaliation for engaging in protected activity." (Doc. 1 at 19–20). Plaintiff also requested "such other and further relief as the Court deems proper and just." (*Id.* at 20).

The local rules of this court require parties to submit a joint proposed pretrial order. *See* L.R. 16.4, N.D.Ga. Among other things, that order must include the following:

> A separate statement for each item of damage claimed containing a brief description of the item of damage, dollar amount claimed, and citation to the law, rule, regulation, or any decision authorizing recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

L.R. 16.4B(14)(d), N.D.Ga. In response to this requirement, plaintiff listed only her requests for compensatory and punitive damages, back and front pay, and attorney's fees. (*See* Consolidated Pretrial Order, Attachment C at 20).

Plaintiff's interpretation of L.R. 16.4 is correct; that rule required her to list only monetary damages. Rule 16.4 uses the term "damage" and specifically refers to the "dollar amount claimed." This is not language typically associated with requests for declaratory and equitable relief.

Moreover, the Federal Rules of Civil Procedure state that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed.R.Civ.P. 54(c). This rule permits "or perhaps even requires the trial judge to grant relief to which a party is entitled even if not requested in the prayer for relief, but there are exceptions to the rule. One of the exceptions exists where the failure to demand the relief granted prejudiced the opposing party." *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 891 (5th Cir.1977). Put another way, "a party may not be 'entitled' to relief if its conduct of the cause has improperly and substantially prejudiced the other party." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (considering, but not deciding, whether a Title VII back-pay award should be denied where the plaintiffs did not request back pay until five years after bringing an action).

The court finds, at least with respect to the modest injunctive relief ordered below, that defendants received sufficient notice of plaintiff's desire for non-monetary relief to avoid prejudice.

**B.** *Plaintiff is entitled to limited injunctive relief*

Congress granted courts broad discretion to fashion remedies in Title VII cases. *See Moseley v. Goodyear Tire Co.,* 612 F.2d 187, 191 (5th Cir.1980). Title VII states:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e–5(g)(1). Although injunctive relief is permitted by Title VII, it is not required whenever a violation is found. *Meyer v. Brown & Root Construc-*

*tion Co.,* 661 F.2d 369, 373–74 (5th Cir. 1981).

Plaintiff contends that injunctive relief is needed in this case to make her whole. (Doc. 135 at 3). She emphasizes that, "having been constructively discharged by Defendants, [she] now finds herself in a position of having to seek other employment." (*Id.*).

The injunctive relief requested by plaintiff can be divided into two general categories—(1) relief related directly to plaintiff's future employment and (2) relief related to the prevention of future discrimination against defendants' employees generally. The court will address each of these categories separately.

### 1. *Personal relief*

In this category, plaintiff seeks an order requiring removal of documents related to her demotion and non-promotion from her personnel file and a positive letter of reference from defendants. (*See* Doc. 133 ¶¶ 6–8).

██ The court finds that the extensive relief requested by plaintiff is not needed to make her whole, but concludes that a modified form of injunctive relief is necessary. Specifically, the court finds that defendants should be enjoined from providing a negative evaluation of plaintiff's performance to any prospective employer. Without this relief, plaintiff, who no longer works for defendants, could be prevented from obtaining a job equivalent to the one she held before her discriminatory demotion, thereby perpetuating its discriminatory effect. *See Albemarle Paper Co. v. Moody,* 422 U.S. at 418, 95 S.Ct. 2362 (district court "has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past").

Plaintiff, in contrast, seeks a letter of reference stating that, once promoted, she remained in the position of general manager until her employment ended; that she was a "valued and valuable employee"; and that she "demonstrated laudable team building skills, was a leader who set expectations in her unit by good example, and achieved solid financial results throughout her tenure, consistently making a profit every month." (Doc. 133, Exh. B). The court will not require a letter of reference that misstates historical facts. Moreover, the jury's finding in plaintiff's favor in this case is not necessarily equivalent to a finding that plaintiff's job performance was in every respect commendable. Much of the evidence at trial demonstrated that male employees *with performance problems similar to plaintiff's* had been treated more favorably. For these reasons, the court finds that an injunction prohibiting a negative evaluation is sufficient to make plaintiff whole.

██ The court also finds that an injunction requiring removal of documents from plaintiff's personnel file is not needed and would unnecessarily interfere with defendants' business operations. Plaintiff is no longer employed by defendants. Thus, what matters for her future employment is the information defendants provide to prospective employers, not the information defendants maintain in their internal files.[4]

### 2. *Prevention of future discrimination*

In this category, plaintiff seeks an order prohibiting defendants from committing additional acts of discrimination against other employees (with annual reporting re-

---

4. Plaintiff notes that she has an outstanding claim against defendants for constructive discharge and that, if she is successful with that claim, she "may indeed find herself reinstated...." (Doc. 135 at 3). This is too speculative a reason to grant the relief requested by plaintiff as part of this litigation. For purposes of the instant action, plaintiff did not contend that she was constructively dis- charged and did not seek damages for any period after her termination. Plaintiff also states that, "[p]ost-judgment, [she] will move the Court for a determination of the appropriateness of reinstatement to the position of General Manager, or in lieu thereof, an award of front pay." (*Id.*). The court will address any issues related to such a motion when, and if, plaintiff files it.

quirements), requiring defendants to post this injunction in its places of business, and requiring defendants to discipline the decision makers involved with plaintiff's demotion and non-promotion and to engage in "diversity/sensitivity" training for all of its management-level employees. (*See* Doc. 133 ¶¶ 9–11).

Courts have recognized that, in Title VII cases, "once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief to the employee." *Hutchings v. United States Indus., Inc.*, 428 F.2d 303, 311 (5th Cir. 1970). Thus, "injunctive relief may benefit individuals not party to the action, and … classwide injunctive relief may be appropriate in an individual action." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1136 (11th Cir.1984).

 This court's authority to grant injunctive relief benefitting individuals other than the plaintiff, however, is limited by the requirement that "the class benefitted by the injunction must include the plaintiff. Otherwise, the injunctive relief is unnecessary to the 'just disposition of the action.'" *Carmichael*, 738 F.2d at 1136 (quoting *Meyer*, 661 F.2d at 374). In *Carmichael*, "[t]he plaintiff sought injunctive relief ordering the defendant not to engage in racially discriminatory hiring practices and further requiring the defendant to adopt affirmative action policies to remedy the effects of past discrimination." *Id.* at 1136. The Court of Appeals for the Eleventh Circuit rejected this request where, as here, the plaintiff did not seek reinstatement and failed to show any "other way in which he would benefit personally from the relief requested." *Id.; see also Dybczak v. Tuskegee Institute*, 737 F.2d 1524, 1527 (11th Cir.1984) ("in a suit brought in the plaintiff's individual capacity, injunctive relief benefitting nonparties is not required if it in no way relates to the vindication of the plaintiff's rights"), *cert.*

*denied*, 469 U.S. 1211, 105 S.Ct. 1180, 84 L.Ed.2d 328 (1985). Based on this controlling authority, the court finds that the injunctive relief requested by plaintiff in this category must be denied.[5]

### C. *Declaratory judgment is not needed*

Entry of a declaratory judgment is a remedy permitted by statute when, as here, an actual controversy is present. *See* 28 U.S.C. § 2201. This court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.; see also* Fed. R.Civ.P. 57.

The court finds that entry of a declaratory judgment is not needed here. The jury's finding in plaintiff's favor provides adequate vindication of plaintiff's rights and an adequate statement of its findings regarding discrimination. A declaratory judgment would be unnecessarily repetitive.

### III. CONCLUSION

For the reasons stated, plaintiff's Motion for Entry of Judgment [Doc. 133] is **DENIED IN PART and GRANTED IN PART.** The Clerk of the Court is **DIRECTED** to enter the attached judgment.

### FINAL JUDGMENT

This action came before the court on a motion for summary judgment and for a trial by jury. The issues have been heard and/or tried and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the plaintiff, Janet M. Rau, recover from defendants Apple Rio Management Co., Inc., Café Ventures, Inc., and Apple Restaurants, Inc. the sum of $334,000, with post-judgment interest thereon as provided by 28 U.S.C. § 1961, and that plaintiff also recover the costs of this action necessary for pursuit of plaintiff's

---

5. The court also finds that the large verdict in plaintiff's favor and the threat of future law-

suits is sufficient to deter defendants from future violations of Title VII.

claims against defendants Apple Rio Management Co., Inc., Café Ventures, Inc., and Apple Restaurants, Inc.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff take nothing from defendant Steve Smith and that defendant Smith recover from plaintiff his costs of defending against this action.

IT IS FURTHER ORDERED AND DECREED that defendants Apple Rio Management Co., Inc., Café Ventures, Inc., and Apple Restaurants, Inc. are permanently enjoined from providing any potential employer of plaintiff with a negative evaluation of plaintiff's job performance while she was an employee of these defendants.